Daniel C. LIGUROTIS, John Navigato and Sam Canino, et al., Plaintiffs–Appellees,

v.

Herbert F. WHYTE, Defendant–Appellant.

No. 90–2979.

United States Court of Appeals, Seventh Circuit.

Argued May 15, 1991.

Decided Jan. 8, 1992.

As Corrected Jan. 8, 1992.

Sherman Carmell, John F. Ward (argued), Carmell, Charone, Widmer, Mathews & Moss, Chicago, Ill., for plaintiffs-appellees.

David R. Herzog, Layfer, Cohen & Handelsman (argued), Chicago, Ill., for defendant-appellant.

Before BAUER, COFFEY and FLAUM, Circuit Judges.

COFFEY, Circuit Judge.

 Herbert F. Whyte appeals the district court's denial of his motion to compel "the plaintiffs to turn over monies obtained by plaintiffs in excess of the judgment awarded plaintiffs against the defendant herein." The district judge apparently denied the appellant's motion on the ground of lack of subject matter jurisdiction. We say "apparently," for the court's Minute Order denying the motion merely states, "Defendant Whyte's motion for turnover of funds is denied," without explaining his reason. But the appellants as well as the appellees state that the issue on appeal is whether the district court properly denied Whyte's motion for lack of subject matter jurisdiction.[1] The record contains a letter from the appellant's attorney to the district court, purportedly in response to the judge's oral (and unrecorded) request that Whyte address the issue of the court's subject matter jurisdiction, which supports an inference that the district judge's denial was based on lack of jurisdiction. Ordinarily we would remand for a further explanation from the judge as to the reason for his denial of Whyte's motion. But since Whyte's motion presents issues of law alone, and the record is sufficiently developed for us to render a decision, we are of the opinion that we should address the jurisdictional issue as well as the merits of the motion in order that there might be an end to this litigation. We reverse the district court's denial of Whyte's motion to compel the turnover of funds in excess of the court's judgment and order Ligurotis to return to Whyte all funds he received in excess of the precise dollar amount awarded in the judgment.

---

1. In their jurisdictional statement the appellees allege without argument or legal support that this Court is without jurisdiction to address this appeal because the district court lacked jurisdiction. We certainly possess jurisdiction to determine whether the district court correctly held that it was without jurisdiction.

## I. BACKGROUND

The appellees, the trustees of the Local 705 International Brotherhood of Teamsters Health and Welfare Fund, filed an action pursuant to Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* against Whyte to collect delinquent contributions that he owed to the Fund. The district court entered the following judgment against Whyte on December 29, 1987:

"Enter order of default judgment against defendant Herbert F. Whyte and in favor of plaintiffs Trustees of the Local 705 etc. in the amount of $22,050.00 [sic] plus double interest and in favor of Carmell, Charone, Widmer & Mathews Ltd. in the amount of $1,571.60 for attorneys' fees and court costs. Said defendant is directed to perform his obligation to pay future contributions as set forth in the collective bargaining agreement."[2]

Upon the district judge's denial of Whyte's motion pursuant to Federal Rule of Civil Procedure 60(b) to vacate the judgment, Whyte appealed to this Court. During the pendency of the appeal, Whyte obtained a stay of the collection of the judgment through providing the plaintiffs an irrevocable letter of credit in the amount of $35,500.00, which the district court approved as a supersedeas bond. The letter of credit stated:

"Gentlemen:

"We hereby establish our irrevocable letter of credit in your favor for the account of: Herbert F. Whyte

. . . . .

"Up to an aggregate amount of: $35,-500.00 (thirty-five thousand five hundred dollars and no/100) [sic]

"These funds are available by draft(s) drawn at sight on us and accompanied by the following documents:

"A certified copy of the mandate by the Seventh Circuit Court of Appeals affirming the judgment entered against Herbert F. Whyte in the case

of Ligurotis et al. vs. Whyte, No. 87 C 6984 which judgment was entered by the United States District Court for the Northern District of Illinois.

"In addition, a statement showing the breakdown of the draft amount between judgment amount, interest charges, attorneys['] fees, court cost[s], and any other fees. Total draft cannot exceed $35,500.00."

We affirmed the trial court's judgment in an unpublished order on March 15, 1989, and issued our mandate on April 6, 1989. *See Ligurotis v. Whyte*, 872 F.2d 424 (7th Cir.1989). On February 26, 1990, without submitting a bill of costs and attorneys' fees on appeal to the district court for its approval, the plaintiffs issued their sight draft to draw on the letter of credit. They submitted the following breakdown of the draft amount:

| | |
|---|---:|
| "Judgment delinquencies | $ 22,050.00 |
| "Costs | 801.88 |
| "Attorneys['] fees | 6,585.50 |
| "Double interest July 1987– February 1989 | 4,189.50 |
| Total Draft | $ 33,626.88" |

After attempting unsuccessfully to persuade the plaintiffs to return the amount of the draft in excess of the amount the district court approved in its December 29, 1987 judgment, Whyte filed a motion seeking to compel the turnover of the additional funds. Whyte appeals the court's denial of his motion.

## II. JURISDICTION

■ On appeal, Whyte asserts that the district court erred in concluding that it was without subject matter jurisdiction, arguing that courts always have jurisdiction to enforce their judgments. In response, Ligurotis contends that the district court was without jurisdiction over the funds secured by the letter of credit because the letter of credit constituted a private agreement between two parties. Ligurotis does not contest the district court's jurisdiction over the disbursement of payments secured by a supersedeas bond.

---

**2.** The judgment became final on January 19, 1988, when the plaintiffs dismissed their claim against a co-defendant.

Federal Rule of Civil Procedure 62(d) states that a party may obtain a stay pending appeal "by giving a supersedeas bond.... The stay is effective when the supersedeas bond is approved by the court." While the rule provides specifically for a supersedeas bond, courts have recognized that the district court has "the power to provide for a form and amount of security different from the supersedeas bond." *Trans World Airlines, Inc. v. Hughes*, 515 F.2d 173, 176 (2nd Cir.1975). Along with the Second Circuit, *see id.* at 177, we have noted that a letter of credit may serve as the equivalent of a supersedeas bond. *See Landau & Cleary, Ltd. v. Hribar Trucking, Inc.*, 867 F.2d 996, 998–99 (7th Cir.1989). Ligurotis asserts that the letter of credit constitutes a private agreement between the parties and thus is outside the jurisdiction of the court. He argues that under *United Steelworkers of America v. Libby, McNeill & Libby, Inc.*, 895 F.2d 421, 423 (7th Cir.1990), the district court does not retain jurisdiction over such private agreements unless the court's order makes it clear that the judge intended to retain jurisdiction over the private agreement. In *United Steelworkers*, however, the private agreement at issue was the negotiated settlement of the case, which the district judge signed and entered into the record prior to dismissing all claims with prejudice. The issue on appeal was whether the district court retained jurisdiction to enforce the terms of the private settlement even though it was not based on a judgment rendered from the court. We held that there was no jurisdiction, since the order dismissing the suit provided no evidence that the court intended to retain such jurisdiction. *See id.* In contrast, the letter of credit Whyte provided in lieu of a supersedeas bond falls short of being an agreement between private parties. The letter of credit was submitted to the district court for its approval in order to obtain a stay of the judgment pending appeal, and the district court "approve[d] the irrevocable letter of credit in the amount of $35,500.00 as a supersedeas bond." It was the court who accepted and approved the letter of credit as a supersedeas bond rather than Ligurotis, so no private agreement is at issue.

■ It is well established that if a court has the jurisdiction to render a judgment, it likewise possesses jurisdiction to enforce the judgment and each and every part thereof:

"The Supreme Court recognized such an authority long ago when it stated:

'[T]he rule is universal, that if the power is conferred to render the judgment or enter the decree, it also includes the power to issue proper process to enforce such judgment or decree.

... [T]he jurisdiction of a court is not exhausted by the rendition of the judgment, but continues until that judgment shall be satisfied.'

*Riggs v. Johnson County*, 73 U.S. (6 Wall.) 166, 187, 18 L.ed. 768 (1867)."

*McKee–Berger–Mansueto, Inc. v. Board of Education*, 691 F.2d 828, 831 (7th Cir. 1982). We are confident that if the letter of credit had proved inadequate to cover the judgment of the district court, or if the bank had been closed by the controller of currency during the legal proceedings or had otherwise refused to honor the letter of credit, Ligurotis would now be arguing that the district court possessed jurisdiction to enforce its judgment, and we would agree. We are unpersuaded that it makes a difference when it is the judgment debtor who is before the court requesting it to require the judgment creditor to return the sum in excess of the amount of the judgment the court rendered. A judgment acts not only to fix the amount due the plaintiff, but to limit the liability of the defendant. The court's jurisdiction to ensure that the plaintiff receives that to which he is entitled under the judgment is broad enough to likewise ensure that the defendant is protected from paying more than required under the judgment. Since the letter of credit at issue was provided as security for the district court's judgment, we hold that the district court possessed jurisdiction to ensure that the funds secured by the letter of credit were disbursed properly just as if the letter of credit were a supersedeas bond.

### III. FEES AND COSTS IN EXCESS OF JUDGMENT

■ The issue of whether the trustees are entitled to attorney fees and costs in excess of the district court's judgment is a simple matter. The underlying action for which the district court awarded fees and costs was one for delinquent contribution of funds within the meaning of Section 515 of ERISA, 29 U.S.C. § 1145. Under § 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2),

> "In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, *the court shall award the plan—*
>
> . . . .
>
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant. . . ."

(Emphasis added). The crucial language here is that "the court shall award." The district court awarded $1,571.60 for attorneys' fees and costs, but when the trustee drew on the letter of credit, he charged $6,585.50 in attorneys' fees and $801.88 in costs, an excess of $5,815.78 above and beyond the sum the district court approved. Rather than ask the district court to award attorneys' fees and costs incurred in defending the appeal of the default judgment, Ligurotis chose to award an excessive amount of attorneys' fees and costs to himself. At oral argument the appellee was unable to provide any case law to support his proposition that he was entitled to award himself attorneys' fees and costs beyond the amount the district court ordered. While the plaintiffs may have been entitled to the attorneys' fees and costs incurred in defending the default judgment appeal, *see Plumbers' Pension Fund, Local 130 v. Domas Mechanical Contractors, Inc.,* 778 F.2d 1266, 1271 (7th Cir.1985) (attorney fees under § 1132(g)(2)(D) are nondiscretionary even on appeal), the trustees' failure to request their fees and costs on the appeal of the default judgment as well as their failure to request modification of the district court's judgment pursuant to Federal Rule of Civil Procedure 60(b) for excusable neglect constitutes a waiver of their entitlement to the additional attorneys' fees.[3]

### IV. CONCLUSION

Whyte's letter of credit securing the district court's judgment was the equivalent of a supersedeas bond, and thus the district court retained jurisdiction to adjudicate any issues over the amount drawn on the letter of credit. Since Ligurotis has failed to file a proper request for attorneys' fees incurred defending the appeal of the default judgment, the trustees are limited to the amount of attorneys' fees and costs set forth in the district court's judgment. The district judge's order denying Whyte's motion to compel the turnover of funds is REVERSED, and the trustees are ordered to refund $5,815.78 to Whyte.

---

**3.** Since the trustees have lost on this appeal, we need not address their argument that they are entitled to attorney fees for this appeal as well.