For the foregoing reasons, the judgment of the district court is AFFIRMED.

**UNITED STATES of America,
Plaintiff–Appellant,**

v.

**ONE 1987 MERCEDES BENZ ROADSTER 560 SEC, VIN WDBBA48D3HA064462, Defendant–Appellee.**

No. 92–2116.

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 14, 1993.

Decided Aug. 18, 1993.

Gillum Ferguson, Asst. U.S. Atty. (argued), Fred Foreman, U.S. Atty., Crim. Div., Chicago, IL, for plaintiff-appellant.

Peter A. Regulski, Onesto, Giglio, Meltreger & Associates, Chicago, IL (argued), for defendant-appellee.

Before COFFEY and KANNE, Circuit Judges, and ESCHBACH, Senior Circuit Judge.

ESCHBACH, Senior Circuit Judge.

The United States (the "government") appeals the district court's dismissal of a cocaine-related forfeiture complaint against a 1987 Mercedes Benz Roadster 560 (the "Mercedes"). The district court found that it lacked *in rem* jurisdiction over the Mercedes because federal authorities failed to obtain a turnover order from the state court, which had lawful authority to dispose of it. We have jurisdiction over the government's appeal under 28 U.S.C. § 1291.[1] We affirm.

## I.

The Oak Lawn Police seized the Mercedes, which is owned by JPM Industries, Inc. ("JPM"), when an officer observed its driver inhaling white powder. Samples of the white powder were analyzed, but the tests did not reveal the presence of any controlled substances; consequently, the driver was not prosecuted. Rather than being returned to JPM, however, physical possession of the Mercedes was delivered to federal authorities.[2] This delivery occurred sometime between November 11, 1988, the seizure date, and December 30, 1988, the date that the Drug Enforcement Agency (the "DEA") sent a notice of seizure to JPM. Further tests, conducted by the DEA, revealed traces of cocaine on the floor of the Mercedes.

When it received the notice of seizure from the DEA, JPM filed a claim of ownership and a cost bond as required to challenge forfeiture proceedings in the district court. The district court initially granted summary judgment in favor of the government. JPM then moved to vacate that judgment on the basis of this Court's opinion in *United States v. One 1979 Chevrolet C–20 Van*, 924 F.2d 120 (7th Cir.1991). The district court found that *C–20 Van* required federal authorities to obtain a turnover order from the circuit court of the county in which the Mercedes was seized, Cook County.[3] Because federal authorities had failed to do so, the district court dismissed the forfeiture action [4] and ordered that the Mercedes be returned to the Clerk of the Circuit Court of Cook County. The district court stayed execution of its order pending appeal.

The government filed a protective notice of appeal before this Court, but then voluntarily dismissed it.[5] The next day, JPM filed a

1. JPM Industries, Inc., argues that this Court is without jurisdiction because the district court lacked jurisdiction. However, "[w]e certainly possess jurisdiction to determine whether the district court correctly held that it was without jurisdiction." *Ligurotis v. Whyte*, 951 F.2d 818, 819 n. 1 (7th Cir.1992).

2. The record does not reveal exactly how or when this delivery was accomplished. Since the time of the delivery, the Mercedes has been in the custody of the United States Marshal's Service.

3. The seizure of the Mercedes by Oak Lawn police falls under § 1505 of the Illinois Controlled Substances Act. Ill.Rev.Stat., ch. 56½, § 1505 (1985). Section 1505 is identical in all relevant respects to the statute analyzed in *C–20 Van*, § 712 of the Illinois Cannabis Control Act. Ill.Rev.Stat., ch. 56½, § 712 (1985). Therefore, the district court correctly held that *C–20 Van* controlled the instant case. Both statutes have since been amended and are recodified at 720

ILCS 570/505 (1993) and 720 ILCS 550/12 (1993), respectively. The *C–20 Van* court also relied on § 36–2 of the Illinois Code of Criminal Procedure. Ill.Rev.Stat., ch. 38, § 36–2 (1985 and Supp.1992). This statute, which is recodified at 720 ILCS 5/36–2 (1993), is applicable to the instant case and has not been amended since the Mercedes was seized. For the purposes of this opinion, references to the "Illinois forfeiture statutes" shall be to this statutory scheme as it existed when the unauthorized transfer of the Mercedes took place, prior to the aforementioned amendments.

4. Though the district court first dismissed the forfeiture action with prejudice, it later amended its dismissal to be without prejudice.

5. After the notice of appeal was filed, the Solicitor General declined to authorize an appeal because of the amendments to the statutory scheme upon which *C–20 Van* and the district court's dismissal depended.

petition in the Circuit Court of Cook County for a turnover order returning the Mercedes to JPM. A week later, the State's Attorney for Cook County formally declined to institute state forfeiture proceedings against the Mercedes. Finally, two weeks after it dismissed its appeal, the government filed a new forfeiture action in federal district court. As a result, the Circuit Court of Cook County continued JPM's petition for a turnover order pending the district court's decision. Once again, the district court found in favor of JPM on the basis of *C–20 Van* and ordered the government to return the Mercedes to the Clerk of the Circuit Court of Cook County. We stayed the district court's order pending our disposition of this appeal. The government presents three arguments in favor of reversal: (1) that *C–20 Van* does not apply to this case because state forfeiture proceedings were never instituted, (2) that amendments to the Illinois forfeiture statutes alter the *C–20 Van* result, and (3) that *C–20 Van* is in conflict with several Supreme Court decisions and should therefore be overruled.

## II.

■ The district court's decision to dismiss for lack of *in rem* jurisdiction was a legal determination; therefore, our review of the dismissal is *de novo*. *See Leaf v. Supreme Court of Wisconsin*, 979 F.2d 589, 595 (7th Cir.1992), *cert. denied*, —— U.S. ——, 113 S.Ct. 2417, 124 L.Ed.2d 639 (1993). Mindful of that standard, we address each of the government's arguments in turn.

■ The government's first argument is that *C–20 Van* is not applicable to the case now before us because state forfeiture proceedings were never instituted against the Mercedes; thus, the district court was free to assume jurisdiction. This argument misapprehends the analysis in *C–20 Van*. Though the *C–20 Van* court mentioned that a state forfeiture proceeding was pending when the federal forfeiture was commenced, the court specifically stated that "[t]his case does not turn upon who won the forfeiture 'foot race' in the courts, but rather upon the fact that there is no authority for the type of transfer between executives of agencies that took

place here." 924 F.2d at 122. Because the holding of *C–20 Van* does not depend on the existence of a competing state forfeiture proceeding, the government's argument advances a distinction without a difference.

The *C–20 Van* court held that "a turnover order from the circuit court of the county in which the [*res*] was seized" is the appropriate method for seeking authority for a transfer from state authorities to federal authorities. *Id.* at 123. Lacking a turnover order, federal authorities did not obtain lawful possession of the Mercedes. Indeed, their possession has been improper since the unauthorized transfer took place. As a result, the Mercedes was not properly before the district court, and thus the court had no jurisdiction to order the vehicle forfeited. Therefore, the district court's first dismissal for lack of *in rem* jurisdiction was correct, as was the order that the Mercedes be returned to the Clerk of the Circuit Court of Cook County.

■ Nothing that has occurred since the first dismissal changes this result. The government has neither sought nor obtained a turnover order. The government appealed the district court's dismissal, but then it voluntarily dismissed the appeal. Because the government decided not to prosecute the appeal, it has accepted the district court's opinion as the law of the case. *See Williamsburg Wax Museum v. Historic Figures, Inc.*, 810 F.2d 243, 250 (D.C.Cir.1987). Once the government dismissed the appeal and its time in which to appeal expired, the district court's dismissal became a "valid and final" judgment. *See Avitia v. Metropolitan Club of Chicago, Inc.*, 924 F.2d 689, 691 (7th Cir. 1991). The district court's stay also expired at the conclusion of the appeal. At that point, the government should have complied with the district court's order that the Mercedes be returned to the Clerk of the Circuit Court of Cook County.

Instead of complying, however, the government filed a new forfeiture complaint against the Mercedes in the apparent hope that the jurisdictional defect had been cured. This procedure is not an effective way to alter the judgment of the district court. The govern-

ment may not simply decline to appeal a result adverse to it, ignore the resulting order, file an identical action, and expect to obtain a different result. If anything, the government's actions exacerbated the impropriety of their possession of the Mercedes, since they were also violating the district court's order. Because the Mercedes was again before the district court improperly, the court correctly dismissed for lack of *in rem* jurisdiction.

■ The government's second argument is that amendments to the Illinois forfeiture statutes alter the *C–20 Van* result for the purposes of this case.[6] We need not address the merits of this argument, however, because the substantive changes to the Illinois forfeiture statutes occurred well after the unauthorized transfer of the Mercedes from the Oak Lawn Police to federal authorities.[7] The unauthorized transfer of the Mercedes took place sometime before December 30, 1988 and the improper possession by federal authorities has continued uninterrupted since that time.[8] The two substantive amendments to the Illinois forfeiture statutes became effective Sept. 10, 1990 and Sept. 18, 1991. The fact that federal authorities obtained custody of the Mercedes improperly is not altered by these acts of the Illinois legislature, nor do the acts vest jurisdiction in federal district court. Therefore, the amendments to the Illinois forfeiture statutes do not affect the district court's dismissal for lack of *in rem* jurisdiction in the original forfeiture proceeding.

■ Finally, the government argues that *C–20 Van* is inconsistent with several Supreme Court cases and should therefore be overruled. *Dodge v. United States,* 272 U.S.

530, 47 S.Ct. 191, 71 L.Ed. 392 (1926); *United States v. One Ford Coupe Automobile,* 272 U.S. 321, 47 S.Ct. 154, 71 L.Ed. 279 (1926); and *The Caledonian,* 17 U.S. (4 Wheat.) 100, 4 L.Ed. 523 (1819). In these cases, the Supreme Court permitted federal authorities to adopt seizures of property by other parties and effect federal forfeitures, regardless of whether the original seizure was authorized. These cases are distinguishable from *C–20 Van,* however, because none of them involve a federal forfeiture action in competition with state court authority over the disposition of a *res.* This aspect of *C–20 Van* instead raises significant issues of comity—a doctrine also traceable to the earliest days of this Republic. *See Penn General Casualty Co. v. Pennsylvania,* 294 U.S. 189, 195, 55 S.Ct. 386, 389, 79 L.Ed. 850 (1935) (and cases cited therein). In this context, we have previously recognized that comity requires the dismissal of federal forfeiture proceedings when a state court has jurisdiction over a *res* as a result of continuing state forfeiture proceedings, *United States v. $79,123.49,* 830 F.2d 94, 96–99 (7th Cir.1987), or when a state statutory scheme vests lawful authority over a *res* in state court, *C–20 Van,* 924 F.2d at 122. Other circuits have reached similar conclusions. *Scarabin v. Drug Enforcement Administration,* 966 F.2d 989, 994 (5th Cir.1992) (applying principles of comity when "state law expressly provides jurisdiction as an integral element of its statutory warrant and seizure scheme.... [T]his rule is to avoid conflicts in the administration of justice and the unseemliness of two courts vying simultaneously for control of the same property."); *United States v. One 1985 Cadillac Seville,* 866 F.2d 1142, 1145 (9th Cir.1989) (applying principles of comity to avoid "state and federal

---

6. Section 1505 of the Illinois Controlled Substances Act has been amended by four Illinois Public Acts since June 15, 1988, the date of the unauthorized transfer in *C–20 Van.* Two of these Public Acts made substantive changes to § 1505: P.A. 86–1382, § 16, eff. Sept. 10, 1990, and P.A. 87–614, § 4, eff. Sept. 18, 1991. The other two made various technical corrections and revised cross-references: P.A. 85–1209, Art. III, § 3–48, eff. Aug. 30, 1988, and P.A. 86–1475, Art. 3, § 3–32, eff. Jan. 10, 1991. In addition, § 1505 was recodified by P.A. 87–1005, § 5.04, eff. Jan. 1, 1993, and may now be found at 720 ILCS 570/505 (1993).

7. These amendments might be relevant to the disposition of the Mercedes by the Circuit Court of Cook County, but that disposition is not before us on appeal.

8. The unauthorized transfer of the Mercedes occurred only about six months after the unauthorized transfer in *C–20 Van.* The only amendment between those dates was by P.A. 85–1209, eff. Aug. 30, 1988, which made various technical corrections and revised cross-references. The government does not argue that this amendment affects the *C–20 Van* result.

judicial systems attempting to assert concurrent control over the res" despite the fact that "the state case is apparently inactive, and California does not seek the res [but] no facts before us … indicate that the state court relinquished jurisdiction.…"). Because we conclude that our holding in *C–20 Van* is correct and is amply supported by relevant authority, we decline the government's invitation to overrule it.

### III.

Because the government failed to obtain a turnover order as required by *C–20 Van*, we AFFIRM the district court's dismissal for lack of *in rem* jurisdiction. We also lift our stay of the district court's order that the Mercedes be returned to the Circuit Court of Cook County.