Russell C. DOANE, Plaintiff,

v.

Mike ESPY, Secretary United States Department of Agriculture, Defendant.

No. 91–C–0852–C.

United States District Court, W.D. Wisconsin.

Jan. 5, 1995.

Alan R. Malasky, Arent, Fox, Kintner, Plotkin & Kahn, Washington, DC, for plaintiff.

Christa A. Reisterer, Asst. U.S. Atty., Madison, WI, for defendant.

OPINION AND ORDER

CRABB, Chief Judge.

This case is before the court on plaintiff's motion to enforce the judgment entered herein on July 20, 1994 by compelling defen-

dant to pay plaintiff all interest due under the Prompt Payment Act, 31 U.S.C. §§ 3901–07. In support of his motion, plaintiff alleges the following facts, none of which are disputed by defendant.

Pursuant to the Disaster Assistance Act of 1988, 7 U.S.C. § 1421 note §§ 204–224, plaintiff applied for disaster payments from the Commodity Credit Corporation for losses on his kidney bean crop. Defendant made the payments to plaintiff, but later determined plaintiff had not been eligible for payments and demanded their return. Defendant effected a refund to itself by making eleven separate offsets of other payments due plaintiff and a related corporation. Nine of the offsets were made from 1990, 1991, 1992 and 1993 Corn Deficiency Act payments due plaintiff; one was made from a 1993 Corn Deficiency Act payment due Doane Ltd., a corporate entity owned by plaintiff; and the remaining offset was of a Prompt Payment Act interest penalty due plaintiff.

On July 20, 1994, in conformance with an order entered by the United States Court of Appeals for the Seventh Circuit, judgment was entered in this court granting plaintiff's motion for summary judgment, dismissing defendant's counterclaim, declaring that plaintiff was entitled to benefits under the Disaster Assistance Act of 1988, and remanding the matter to defendant with instructions to grant disaster assistance benefits to plaintiff. On August 23, 1994, defendant issued checks to plaintiff totalling $129,197.30, representing a refund of the $120,130.36 that had been collected by defendant in offsets plus $9,066.94 in interest. The interest paid represented a maximum of one year's interest on each offset. In other words, defendant did not reimburse plaintiff for more than one year of accrued interest even on offsets made more than a year before August 23, 1994, including the earliest offset made on August 13, 1990. Defendant responded to plaintiff's inquiries on the matter by stating that he had no obligation to pay more than one year's worth of interest on the offset amounts.

Attempting to understand price support and commodities legislation is a perilous adventure in which the Secretary's overworked legal staff offers little assistance. The Secretary begins by asserting that plaintiff's claim to the unpaid interest should be dismissed for lack of jurisdiction and must be brought in the Court of Federal Claims because plaintiff is claiming payment of interest exceeding $10,000.00. On the merits, as best I can understand defendant's opposition to paying plaintiff more than one year's worth of interest, it is this. The United States cannot be sued in the absence of a waiver of sovereign immunity; such waivers are to be construed narrowly. Nothing in the Prompt Payment Act, 31 U.S.C. §§ 3901–07, or the Disaster Assistance Act of 1988, 7 U.S.C. § 1421 note §§ 204–224, provides for the payment of interest on disputed payments of disaster assistance. Subsection (h) of 31 U.S.C. § 3902 provides for payment of interest on overdue payments under the Agricultural Act of 1949, 15 U.S.C. § 714b(h), but disaster assistance payments are not part of the Agricultural Act. 31 U.S.C. § 3907 limits interest payments under the Prompt Payment Act to one year except in matters arising under the Contract Disputes Act, 41 U.S.C. §§ 601–613. In addition, defendant notes that subsection (c) of 31 U.S.C. § 3907 provides specifically that the chapter "does not require an interest penalty on a payment that is not made because of a dispute between the head of an agency and a business concern over the amount of payment or compliance with the contract."

Defendant does not explain why he considers subsection (c) applicable to plaintiff's claim and nothing on its face suggests that it is. Defendant does not suggest that disaster assistance payments are a contractual arrangement or that his dispute with plaintiff was over the amount of the payment and not plaintiff's eligibility for payment. Moreover, he does not make clear why he paid plaintiff one year's worth of interest, if this provision is applicable and he had no obligation to pay any interest at all. Indeed, defendant makes no effort to explain the payment in light of his contention that neither the Prompt Payment Act nor the Disaster Assistance Act of 1988 makes provision for the payment of interest. However, I assume from the fact that defendant made this payment that he is

not pursuing his contentions that the law does not authorize payment of interest or that this case is one in which defendant is relieved of any obligation to pay interest because of a dispute between the agency head and a business concern over the amount of payment or compliance with a contract. Rather, it appears that defendant rests his refusal to pay all accrued interest claimed by plaintiff on the provision in the Prompt Payment Act that caps interest payments at one year.

Defendant says nothing in response to plaintiff's argument that subsection (h) of § 3902 requires defendant to pay producers interest on late payments to which the producers are entitled under the Agricultural Act of 1949, except to note correctly that the subsection does not apply to the disaster payments at issue. However, he fails to explain why he should not pay plaintiff interest on the Corn Deficiency Act payments that were withheld to offset the allegedly wrongfully paid disaster assistance payments. The Corn Deficiency Act payments *are* covered by subsection (h) and exempt from any caps imposed under § 3907.

Plaintiff argues persuasively that § 3907 of the Prompt Payment Act should not be read as applying a one-year interest payment cap on any delayed payments to farm producers, including disaster assistance payments, except for those payments covered under the Contract Disputes Act of 1978. He points out that the Contract Disputes Act has no application to disputes between the government and farm producers, making it inequitable to hold producers to the restrictions that apply to entities that are covered by the act. Moreover, he argues, the purpose of the Contract Disputes Act is to encourage contractors to resolve disputes promptly; farm producers do not have the mechanisms available to contractors for dispute resolution or the ability to control the resolution of their disputes. Plaintiff may be correct, but I find it unnecessary to inquire further into that matter because I am persuaded that plaintiff is entitled to reimbursement for his lost interest under § 3902(h).

■ I turn first to defendant's contention that this court has no jurisdiction over plaintiff's claim for improperly withheld interest and that plaintiff must file his claim in the Court of Federal Claims. Although neither party has advised the court of the amount of interest at stake, I will assume that it exceeds $10,000, as defendant alleges and as appears in the exhibits that were to have been attached to plaintiff's brief and were submitted today. If the assumption is correct, and if plaintiff's claim were one brought originally simply for the amount of the unpaid interest, defendant's contention would have merit. However, plaintiff's claim is not a freestanding one, but a matter of ensuring that a court order is implemented properly. It is well within this court's jurisdiction to interpret and oversee the implementation of its own orders and judgments. *Kokkonen v. Guardian Life Ins. Co. of America,* —— U.S. ——, ——, 114 S.Ct. 1673, 1676, 128 L.Ed.2d 391 (1994) (federal courts have ancillary jurisdiction that can be asserted "to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees"); *Ligurotis v. Whyte,* 951 F.2d 818, 821 (7th Cir.1992) (district court has jurisdiction to ensure that plaintiff receives what he is entitled to receive under the judgment). Plaintiff's motion is nothing more than a means of allowing this court to ensure that plaintiff has received what he is entitled to receive under the judgment entered in his favor.

■ I turn then to the merits of plaintiff's motion. Ordinarily, when a court has determined that a person or organization has acted improperly, the court's duty is to see that the victim is made as nearly whole as he can be by money damages. If the wrongful act involved the withholding of funds, the wrongdoer must not only repay the funds but the interest that would have been earned on the funds. Failure to pay reasonable interest deprives the victim of the value of the funds; funds returned today are not worth what they were when they were taken. *NLRB v. Shelby Memorial Hospital Ass'n,* 1 F.3d 550, 557 (7th Cir.1993) (adding interest to amounts due "merely accounts for the time value of money" and insures full reimbursement); *Matter of Continental Illinois Securities Litigation,* 962 F.2d 566, 571 (7th

Cir.1992) ("cost of delay in receiving money to which one is entitled is the loss of the time value of money and interest is the standard form of compensation for that loss"). Of course, interest cannot be ordered against the federal government unless the government has made an express waiver of its sovereign immunity in that respect. *Library of Congress v. Shaw,* 478 U.S. 310, 106 S.Ct. 2957, 92 L.Ed.2d 250 (1986). If it has, however, no obvious reason suggests itself for not imposing the full amount of interest due.

Relying on what the Court of Appeals for the Seventh Circuit has held was an unreasonable and arbitrary reading of the statutes applicable to eligibility for disaster assistance programs, *Doane v. Espy,* 26 F.3d 783, 786 (1994), defendant found plaintiff ineligible for payments previously made under that program and withheld as offsets Corn Deficiency Act payments due plaintiff and his company. Section 3902(h) provides quite clearly that interest payments are to be made to producers if payments due under agreements entered into under the Agricultural Act of 1949 (which includes the Corn Deficiency Act) have not been made when they should have been. In subsection (4), the statute provides further that "Section 3907 of this title shall not apply to interest penalty payments made under this subsection." Section 3907 includes the one-year interest cap on which defendant seems to rely.

I see no reason to depart from the general rule that injured persons are to be put in the position they would have occupied had the injury not occurred. Congress has directed defendant to pay interest on wrongfully withheld Agricultural Act of 1949 payments without the limitations on such interest payments found in § 3907. Defendant wrongfully withheld such payments from plaintiff in reliance on a misinterpretation of a statute. He owes plaintiff the payments that were due and the interest that accrued on those payments from the date they were due originally until August 23, 1994.

### ORDER

IT IS ORDERED that the motion of defendant Mike Espy to dismiss this case for lack of jurisdiction is DENIED and the motion of plaintiff Russell C. Doane to compel payment of all interest on the wrongful offsets of Corn Deficiency payments due under the Agricultural Act of 1949 is GRANTED.