UNITED STATES of America, Plaintiff,

v.

**SIXTY–TWO THOUSAND SIX HUNDRED DOLLARS ($62,600.00), Defendant.**

No. 95 C 4193.

United States District Court, N.D. Illinois, Eastern Division.

Sept. 29, 1995.

James B. Burns, U.S. Attorney, Tony J. Masciopinto, Assistant U.S. Atty., Chicago, IL, for plaintiff.

Neal H. Levin, Chicago, IL, for defendant.

*MEMORANDUM OPINION AND ORDER*

SHADUR, Senior District Judge.

Claimant Carl Gibbs ("Gibbs") has moved for alternative relief in this civil forfeiture action brought against $62,600 that was originally seized by Chicago police in a March 23, 1995 search of Gibbs' residence pursuant to a warrant. Gibbs seeks either:

  1.  dismissal of this action or

  2.  return to Gibbs of certain documentary evidence seized with the currency.

Gibbs' motion has now been met with a United States responsive memorandum that also asks for confirmation of this Court's in rem jurisdiction over the forfeiture. For the reasons stated in this memorandum opinion and order, this Court (1) holds that it does indeed have subject matter jurisdiction, (2) denies Gibbs' motion to dismiss and (3) finds—based on the United States' undertaking referred to later—that Gibbs' alternative motion is moot.

*Subject Matter Jurisdiction*

Although the United States addresses the jurisdictional question last, that issue must of course be the first order of business for this Court. This is a federally "adopted" forfeiture: After the police had executed the warrant and seized the currency and documents on March 23, on May 11 they provided formal notice of the seizure to the Cook County State's Attorney. On June 23 the State's Attorney declined the seizure and turned the currency over to the United States "in favor of federal prosecution." Some four weeks later (on July 20) the United States brought this action.

Our Court of Appeals has twice spoken to the question whether a federal court has jurisdiction over an adoptive forfeiture proceeding in the absence of a release of the res by the Illinois *court* that first obtained in rem jurisdiction. Both times that question was answered in the negative (*United States v. One 1979 Chevrolet C–20 Van,* 924 F.2d 120, 122–23 (7th Cir.1991) and *United States v. One 1987 Mercedes Benz Roadster,* 2 F.3d 241, 243 (7th Cir.1993)).

As already stated, the release here came from a member of the state executive branch (the Cook County State's Attorney) rather than from the state's judicial branch—and such an executive officer's transfer is the very type that was found ineffective in *One 1979 Chevrolet* and *One 1987 Mercedes.* But those cases were grounded in the lack of authority for such a transfer under *state* law, and since then the Illinois General Assembly has amended the relevant statutes (in this instance, 720 ILCS 570/505(d)) to give State's Attorneys the power (concurrently with the state circuit courts) to dispose of contraband.[1] That power was in fact exercised by the Cook County State's Attorney here, so that the United States' subsequent forfeiture comes within this Court's jurisdiction.

### Timeliness

■ Gibbs urges that this action is out of time because 725 ILCS 150/9(A) allows no more than 45 days after the State's Attorney receives notice of the seizure for the filing of a forfeiture action, while this action was filed 70 days after the receipt of that notice. But that procedural limitation of Illinois law does not apply to this *federal* forfeiture, which is of course controlled by *federal* law.[2] And in terms of the United States' action in bringing this forfeiture, when viewed through the lens of federal law it poses neither any limitations

problem (see 21 U.S.C. § 881(d), incorporating 19 U.S.C. § 1621) nor any constitutional problem of undue delay (*United States v. $8,850,* 461 U.S. 555, 564, 103 S.Ct. 2005, 2012, 76 L.Ed.2d 143 (1983)). In the latter respect, Gibbs has not demonstrated any violation of the due process balancing test prescribed in *$8,850* (drawing on the factors developed in *Barker v. Wingo,* 407 U.S. 514, 530, 92 S.Ct. 2182, 2192, 33 L.Ed.2d 101 (1972)). Accordingly his motion to dismiss this forfeiture proceeding is denied.

### Release of Documents

At least facially the documents whose return is sought by Gibbs came within the scope of the search warrant, so that their seizure bore no legal taint that would call for the return of the documents to claimant Gibbs. But in light of Gibbs' stated need for those documents in order to defend the criminal charges against him, the United States has agreed (see its Mem. 9) to make and turn over copies of those documents promptly upon the return of the federal custodian (who was apparently unavailable through September 26). As for the original documents, the United States has stated that it will retain them until this action is finally resolved.

Under those circumstances Gibbs' alternative motion is moot. If and when Gibbs may find it necessary to obtain the original documents for use in conjunction with his criminal defense, his counsel may renew the alternative motion. This Court will then consider whether it should be granted and, if so, what if any procedural restrictions should be imposed.

■

---

1. That amendment (P.A. 87–614, § 4) took effect September 18, 1991. Although *One 1987 Mercedes* was decided in 1993, it dealt with a 1988 seizure, so that our Court of Appeals has not had occasion to deal with the effect of the amendment expressly conferring such power on the State's Attorney.

2. There could perhaps be some arguable room for operation of the Illinois statute in the present context: Although it speaks in terms of when the

State's Attorney institutes judicial forfeiture proceedings (something that he cannot control once he turns the matter over to federal authorities), it might conceivably be viewed as setting the outside date for *some* sort of action to be taken by the State's Attorney. But on such a possible reading there would still be no problem, for the statute's time limitation would have been met by the turnover to the United States on June 23—two days short of the 45-day limit.