**Jane DOE, Plaintiff,**

v.

**John SMITH, M.D., Defendant.**

**No. 98CV6600 (ARR).**

United States District Court, E.D. New York.

April 20, 1999.

---

Ellen Gesmer, Gulielmetti & Gesmer, P.C., New York City, for plaintiff.

Bruce Brady, Callan, Regenstreich, Koster, & Brady, New York City, for defendant.

*AMENDED OPINION AND ORDER*

ROSS, District Judge.

On October 27, 1998, plaintiff filed her complaint in this lawsuit and simultaneously requested that the court either allow her to proceed under a pseudonym or seal all documents filed in the action. After the parties briefed the question, the court denied the plaintiff's request on December 8, 1998 and ordered the plaintiff to file a notice of appeal or an amended complaint naming the plaintiff within ten days. On December 18, 1998, the court granted the plaintiff's request for an extension of time during which to determine what course of action to take.[1] On April 15, 1999, the plaintiff filed a motion for reconsideration of the court's December 8, 1998 order. For the reasons set forth below, the court grants the plaintiff's motion to reconsider, vacates the December 8, 1998 order, and grants plaintiff leave to proceed anonymously. The defendant is directed to in-

---

1. The court granted plaintiff a sixty day extension of time to comply with the December 8, 1998 order. *See* Order, 12/18/99. On February 10, 1999, the parties agreed to a briefing schedule regarding plaintiff's motion for reconsideration. *See* Covell Letter, 2/10/99.

The defendant apparently agreed that the time for plaintiff to comply with the court's December 8, 1998 order would be extended until ten days following the court's decision on the motion for reconsideration. *See id.*

form the court within ten (10) days whether he also wishes to proceed anonymously. If the defendant does not respond, the court will unseal the file at that time.

## BACKGROUND

In its December 8, 1998 decision,[2] the court applied the following six factors in evaluating the plaintiff's request: (1) whether the plaintiff is challenging governmental activity or an individual's actions, (2) whether the plaintiff's action requires disclosure of information of the utmost intimacy, (3) whether the action requires disclosure of the plaintiff's intention to engage in illegal conduct, (4) whether identification would put the plaintiff at risk of suffering physical or mental injury, (5) whether the defendant would be prejudiced by allowing the plaintiff to proceed anonymously, and (6) the public interest in guaranteeing open access to proceedings without denying litigants access to the justice system. *See* Order, 12/8/98, at 4 (omitting citations).

The court found that the first, third, and sixth factors weigh against granting the plaintiff leave to proceed anonymously.[3] The first factor weighs against the plaintiff because she is not challenging governmental activity, but rather is making serious allegations of reprehensible and even illegal conduct on the part of an individual defendant. *See id.* at 4–5. The third factor also works against the plaintiff because the case does not require disclosure of potentially illegal conduct. *See id.* at 5. Most importantly, the court found that the sixth factor weighs heavily against the plaintiff because of the strong public interest in open judicial proceedings. *See id.* at 8.

On the other hand, the court found that the second and fourth factors weigh in favor of granting the plaintiff's request. *See id.* at 5–6. The second factor favors granting the plaintiff's request because revelations regarding the plaintiff's sexuality and mental health could cause public intrusion into matters of utmost privacy. *See id.* Similarly, the court found that the fourth factor cuts in plaintiff's favor because public intrusion into such private matters was likely to cause social stigmatization and mental anguish. *See id.* at 6. However, in evaluating the plaintiff's initial motion, the court did not accord the fourth factor significant weight because the plaintiff proffered "virtually no evidence of the nature, level, or intensity of the mental injury that such stigmatization would cause her." *Id.* at 6. Without such evidence, the court declined to speculate regarding the potential injury the plaintiff might suffer from disclosure of her identity in court papers. *See id.*

After weighing these factors, the court decided that the plaintiff failed to overcome the presumption of openness axiomatic to our justice system by presenting the exceptional situation where her privacy interests outweighed the defendant's and the public's interest in public proceedings. *See id.* at 6, 10. As a result, the court rejected the plaintiff's request to proceed anonymously.

In filing her motion for reconsideration, the plaintiff does not attack the court's decision as mistaken, but rather presents the court with additional detailed evidence of the psychological and emotional injury that the plaintiff would experience were the court to require her to identify herself in order to proceed with this action. *See*

---

**2.** Familiarity with the court's December 8, 1998 decision is presumed. *See* Order, 12/8/98. That order also contains a description of the background of the case. *See id.*

**3.** Because the plaintiff offered to forego any opposition to the defendant also proceeding

under a pseudonym, the court did not accord the fifth factor any weight. *See* Order, 12/8/98, at 6–7. As discussed below, the defendant retains the prerogative to decide to proceed anonymously as well. *See infra.*

Doe Affid., ¶¶ 4–14; Kluft Affid., ¶¶ 9–14. In large part, the plaintiff's evidence consists of descriptions and evaluations of plaintiff's reaction to this court's decision denying her request to proceed anonymously.[4] *See* Doe Affid., ¶¶ 4–14; Kluft Affid., ¶¶ 9–14. In particular, plaintiff offers the opinion of Dr. Richard Kluft, a psychiatric specialist in Dissociative Identity Disorder, from which the plaintiff suffers, that proceeding publicly would "cause her to decompensate [psychologically] to a point at which she could not ... pursue the current legal process and would suffer severe risk to her safety and to her survival." Kluft Affid. ¶ 14. According to plaintiff, because the newly proffered evidence derived from the aftermath of the court's initial ruling, such evidence was "not previously available."[5] Pl.Memo. of Law, 6.

Plaintiff contends that this newly provided evidence enables the court to accord newly significant weight to the fourth factor in its analysis—the risk of physical or mental injury that identification would cause. As a result of this newly provided evidence, plaintiff argues, she has now presented sufficient evidence of particularized harm from revealing her identity to overcome the public interest in open judicial proceedings. *See id.* at 9–14.

The defendants apparently do not dispute the psychological evaluation or opinion of Dr. Kluft.[6] *See* Def.Memo. of Law, 1–3. Rather, the defendant appears to make two arguments: (1) that the level of anonymity that the court can order is likely to be insufficient to protect the plaintiff

from emotional harm, and (2) that plaintiffs should only be allowed to proceed anonymously where they face retaliatory, rather than self-inflicted, harm. *See id.* at 2–4.

ANALYSIS

■ The reconsideration of a prior decision is within the power and discretion of the district court. *See Casiano v. Torrigani,* 1998 WL 865610, at *1 (N.D.N.Y. 1998). Grounds justifying reconsideration are "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atlantic Airways, Ltd. v. National Mediation Bd.,* 956 F.2d 1245, 1255 (2d Cir.1992). In this case, the plaintiff has provided the court with newly available evidence obtained subsequent to the court's initial decision. As a result, the court will consider plaintiff's motion to reconsider.

■ In denying the plaintiff's original motion to proceed anonymously, the court held that the plaintiff had not borne her burden of presenting the type of extraordinary circumstances that would overcome the public interest in open judicial proceedings. *See* Order, 12/8/98, 6. Rather than providing the court with particularized evidence that proceeding publicly would cause the plaintiff personal harm, the plaintiff relied upon generic allegations applicable to all litigants suffering from mental illness. *See id.* The plaintiff has now substituted specific evidence predicting that revelation of her identity will like-

4. The plaintiff also presents additional evidence of the harm that revelation of her identity would have upon her career. *See* Doe Affid., ¶ 12; Kluft Affid., ¶¶ 15–20.

5. Prior to the plaintiff's reaction to the court's initial ruling, plaintiff's psychiatric expert was unable to "state an opinion with a reasonable degree of medical certainty as to the effect on Ms. Doe of not being permitted to proceed with the case under a pseudonym." Gesmer Affid., ¶ 6.

6. While the defendant alleges that he was not provided with an "opportunity to review the records that allegedly support [the plaintiff's] contentions," including hospital and therapy records, Def.Memo. of Law, 1, the defendant has not asked the court to order production of said records, nor has the defendant requested a hearing, a deposition of Dr. Kluft, or an opportunity for his own doctors to examine the plaintiff. *See* Gesmer Reply Affid., ¶ 4.

ly cause psychological and emotional pain so intense that it would threaten her stability, her safety, and even her life. *See* Kluft Affid., ¶¶ 11–12. As a result, plaintiff's doctor has predicted that she will be unable to pursue this action should she not be allowed to proceed anonymously. *See id.* at ¶ 14. Now that the record includes such evidence, the court deems the plaintiff's submission sufficient to present "the exceptional case in which a plaintiff may proceed under a fictitious name." *Doe v. Frank,* 951 F.2d 320, 323 (11th Cir.1992).

■ As discussed above, the court applied a six-factor test ·in denying the plaintiff's motion to proceed anonymously. Because the newly provided evidence pertains only to one factor, the court will not repeat its six-factor analysis. Rather, the court wishes to emphasize the principle underlying its six-factor test. In essence, that test was designed to enable the court to weigh "the plaintiff's right to privacy and security against the dual concerns of (1) public interest in identification of litigants and (2) harm to the defendant stemming from [suppression] of plaintiff's name." *Doe v. Blue Cross & Blue Shield of Rhode Island,* 794 F.Supp. 72, 73 (D.R.I.1992).

In its original opinion, the court rejected the defendant's argument that he suffered substantial personal harm from the suppression of plaintiff's identity. As the court pointed out, since the defendant is already aware of plaintiff's identity and since the court will not in any way limit defendant's right to full discovery and vigorous cross-examination, allowing the plaintiff to proceed anonymously will not hinder the defendant's defense. *See* Order, 12/8/98, 6–7. Moreover, the plaintiff's offer to forego opposition to defendant also proceeding under a pseudonym substantially limits defendant's need to defend himself publicly from public charges. *See id.* at 7–8. Should the defendant choose

not to take advantage of plaintiff's offer, he cannot claim prejudice therefrom. *See id.* at 8.

■ As a result, in this case, the court need only balance the plaintiff's privacy interests against the public interest in open judicial proceedings with identified litigants. The court recognizes that the public interest in openness is fundamental to our justice system. *See id.* at 8. However, the presumption of openness in judicial proceedings can be overridden in exceptional circumstances. *See id.* at 3; *James v. Jacobson,* 6 F.3d 233, 238 (4th Cir.1993). While courts have found allegations of harm insufficient where plaintiffs have complained that proceeding publicly would cause embarrassment, humiliation, and economic harm, *see Frank,* 951 F.2d at 324 (allegations of embarrassment insufficient), *Doe v. Indiana Black Expo, Inc.,* 923 F.Supp. 137, 142 (S.D.Ind.1996) (allegations of harm to economic well-being, embarrassment, and humiliation insufficient); *Doe v. Bell Atlantic Bus. Sys. Servs., Inc.,* 162 F.R.D. 418, 420 (D.Mass.1995) (allegations of economic harm and embarrassment insufficient), in this case, the plaintiff has presented particularized and undisputed evidence that proceeding publicly would seriously threaten her mental health, requiring her to choose between dropping her action and placing her life in jeopardy. *Cf. Doe v. Shakur,* 164 F.R.D. 359, 362 (S.D.N.Y.1996) (particularized allegations of death threats would provide basis for proceeding anonymously). As a result of this newly provided evidence, the court finds that the plaintiff has provided evidence of an exceptional circumstance warranting authorization to proceed anonymously.

The defendant's arguments to the contrary are unconvincing. First, though the defendant is undoubtedly correct that the court's order allowing the plaintiff to proceed anonymously will not protect her

from all of the traumatic effects of litigating a case of this nature, the court cannot conceive of how this fact can affect the court's analysis. Whether or not the plaintiff has the emotional and psychological capacity to pursue this action, even operating under a pseudonym, is a decision for the plaintiff to make, in consultation with her doctors, lawyers, and family. It is not a question that is appropriate for the court to consider in this context.

Second, the defendant argues that courts have only granted plaintiffs' motions to proceed anonymously in cases where plaintiffs faced the prospect of *retaliatory* harm rather than self-inflicted harm. *See* Def.Memo. of Law, 2–3. However, the defendant does not cite to cases where courts specifically rejected anonymity requests based on the prospect of self-inflicted harm. Moreover, courts have allowed plaintiffs to proceed anonymously where disclosure of their identities created a risk of harm from third parties unaffiliated with the case. *See, e.g., Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir.1981). The plaintiff does not offer any explanation why the court should draw a distinction between allegations of harm inflicted upon plaintiffs by third parties and harm inflicted upon the plaintiff by herself.[7] The defendant has chosen not to dispute the opinion of plaintiff's doctor that revelation of plaintiff's identity could result in life-threatening harm. The fact that said harm may result from the plaintiff's own mental condition is of no moment.

Before entering the instant order allowing plaintiff to proceed anonymously, the court must pause to emphasize that this order may not and will not hinder defendant's ability to pursue his legal defense in any way.[8] In discovery, the defendant retains the right to depose any and all witnesses and to obtain any and all documents available to him under the Federal Rules of Civil Procedure. In conducting such discovery, the defendant may ask any and all questions necessary to his defense. Moreover, at this time, apart from allowing the plaintiff to proceed under a pseudonym, the court has not imposed any limitation on the defendant's rights or the public's access to any trial that might result from this case.

## CONCLUSION

For the reasons set forth above, the plaintiff's motion to reconsider the court's December 8, 1998 order is granted and that order is hereby vacated. The court hereby grants the plaintiff's motion to proceed anonymously. The defendant is directed to inform the court within ten (10) days whether he too wishes to proceed under a pseudonym. If the defendant does not respond to this order, the court will unseal the record at that time.

SO ORDERED.

---

7. The court notes that, in this case, the plaintiff has also alleged that she fears harm from third parties, namely her former abusers. *See* Pl. Reply Memo., 8; Kluft Affid., ¶ 12; Doe Affid., ¶ 9; Doe Reply Affid., ¶¶ 2–3.

8. The court notes that, in his affidavit, Dr. Kluft appears to erroneously assume that an order granting the plaintiff anonymity would protect her from public examination or cross-examination regarding her professional activities. *See* Kluft Affid., ¶ 19. While the court's order authorizes the plaintiff to proceed under a pseudonym, it does not prevent the defendant from cross-examining the plaintiff regarding her professional activities either in a deposition or at trial.