Doe v Bloomberg L.P. (2021 NY Slip Op 06754)





Doe v Bloomberg L.P.


2021 NY Slip Op 06754


Decided on December 02, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 02, 2021

Before: Webber, J.P., Friedman, Oing, Shulman, Pitt, JJ. 


Index No. 28254/16 Appeal No. 14741 Case No. 2021-01804 

[*1]Margaret Doe, Plaintiff-Appellant,
v
Bloomberg L.P., et al., Defendants, Nicholas Ferris, Defendant-Respondent.


Law Office of Niall MacgiollabhuÍ, New York (Niall MacgiollabhuÍ of counsel), for appellant.
Greenfield Stein & Senior, LLP, New York (Paul T. Shoemaker of counsel), for respondent.



Order, Supreme Court, Bronx County (Julia Rodriguez, J.), entered May 3, 2021, which granted defendant Nicholas Ferris's motion to compel plaintiff to amend the pleadings in compliance with CPLR 2101(c) to include her legal name, unanimously reversed, on the law and the facts, without costs, and the motion denied.
The presumption in favor of open trials and the potential prejudice to defendant did not outweigh plaintiff's privacy interest (see Anonymous v Lerner, 124 AD3d 487, 487 [1st Dept 2015]). In addition to her own affidavit attesting to the psychological harm it would cause to disclose her name publicly, plaintiff submitted affidavits from her treating psychologist and psychiatrist, both of whom opined that forcing plaintiff to proceed with the litigation under her legal name would have severe consequences for her mental health. This particularized medical evidence corroborating plaintiff's claims of personal harm is compelling (see Doe v Smith, 105 F Supp 2d 40, 43-44 [ED NY 1999]; Doe No. 2 v Kolko, 242 FRD 193, 195-196 [ED NY 2006]).
Defendant's assertions of prejudice are undermined by the fact that he waited approximately four years to challenge plaintiff's filing of the complaint under a pseudonym. Further, he knows the identity of plaintiff and potential witnesses, and thus is not hindered in mounting a defense.
We have considered defendant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 2, 2021