DLD-100                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-3173
_____

JERRY JERON DANIELS,
Appellant

v.

PETER DAMITER; KATHY J. BRITTAIN; JENNIFER NEWBERRY;
KERI MOORE; D. VARNER; BETH LAZUSKY;
MELISSA MORGAIN, SCI – Frackville Records Supervisor

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3:23-cv-01539)
District Judge: Honorable Malachy E. Mannion

_____

Submitted on Appellant's Motion to Proceed In Forma Pauperis and Motion
Demonstrating Imminent Danger and for Possible Dismissal Pursuant to 28 U.S.C. §
1915(e)(2)(B) or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 19, 2026
Before: RESTREPO, PORTER, and MONTGOMERY-REEVES, *Circuit Judges*

(Opinion filed: March 30, 2026)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

State inmate Jerry Daniels appeals pro se from the District Court's order denying his post-judgment motion for the appointment of counsel and other relief. Because this appeal does not present a substantial question, we will summarily affirm the District Court's order. *See* 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

In September 2023, Daniels filed a civil action for monetary damages, alleging that he was "illegally" incarcerated and subjected to "involuntary slavery" in violation of various constitutional provisions. D.Ct. ECF No. 13 at 5-6. On July 18, 2024, on motion of the defendants, the District Court dismissed the action as "clearly barred by *Heck* [*v. Humphrey*, 512 U.S. 477 (1994)]." D.Ct. ECF No. 26 at 6-7. Daniels did not appeal.

Nearly one year later, on June 30, 2025, Daniels filed a letter in which he again asserted that he was unlawfully imprisoned and requested the appointment of counsel. The District Court denied the motion, which it also liberally construed as a Rule 60(b) motion for relief from judgment. Daniels appeals in forma pauperis ("IFP").[1]

Daniels' notice of appeal is timely only as to the District Court's October 24, 2025 post-judgment order. We have jurisdiction over that order under 28 U.S.C. § 1291. *See Ohntrup v. Firearms Ctr., Inc.*, 802 F.2d 676, 678 (3d Cir. 1986). We review for abuse of discretion both the denial of a Rule 60(b) motion, *see Budget Blinds, Inc. v. White*, 536

---

[1] The District Court granted Daniels permission to proceed IFP on appeal, and the Appellees have not challenged that order. Accordingly, his motion to proceed IFP and motion to demonstrate imminent danger are denied as unnecessary.

2

F.3d 244, 251 (3d Cir. 2008), *United States v. Dupree*, 617 F.3d 724, 732 (3d Cir. 2010), and the denial of a motion for the appointment of counsel, *see Parham v. Johnson*, 126 F.3d 454, 458 (3d Cir. 1997). We may summarily affirm the District Court's decision if the appeal does not present a substantial question. *See* 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

We discern no abuse of discretion in the District Court's denial of Rule 60(b) relief. In his motion, Daniels argued that his civil action should not be barred by *Heck* because an arrest warrant never issued in his underlying criminal case. *See* D.Ct. ECF No. 31 at 1. However, his assertion failed to present any grounds for relief under Rule 60(b). As the District Court noted, "while the absence of an arrest warrant, if true," could provide grounds to challenge his conviction, it did not "establish that any court or other entity had invalidated the conviction or sentence as required by *Heck*." D.Ct. ECF No. 33 at 2. As Daniels failed to demonstrate any basis for relief from the judgment of dismissal, the District Court also did not abuse its discretion in denying his motion for the appointment of counsel. *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993).

Accordingly, we will affirm the order of the District Court.