**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**ONE 1979 CHEVROLET C–20
VAN, Defendant,**

**and**

**Elizabeth Anderson,
Claimant–Appellant.**

**No. 90–1595.**

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 16, 1991.

Decided Feb. 6, 1991.

Elizabeth M. Landes, Terry M. Kinney, Asst. U.S. Attys., Chicago, Ill., for plaintiff-appellee.

Fred M. Morelli, Jr., Aurora, Ill., for defendant and appellant.

Before BAUER, Chief Judge, WOOD, and CUDAHY, Circuit Judges.

BAUER, Chief Judge.

Elizabeth Anderson wants her Chevy van back. On June 6, 1988, Anderson was arrested by the Batavia, Illinois police for driving under the influence of alcohol. The arresting officers conducted an inventory search of her 1979 Chevrolet C–20 van and found over 100 grams of marijuana under the driver's seat. In addition to drunk driving, the officers also charged Anderson with possession of marijuana. The Batavia Police Department took custody of the van in connection with Anderson's arrest.

Four days later, the Batavia police requested by letter that the Federal Bureau of Investigation ("FBI") initiate forfeiture proceedings. A seizing federal agency such as the FBI may "adopt" the property seizure of another agency. See 21 C.F.R. § 1316.91(1) (1990). The FBI began administrative forfeiture proceedings on June 10, 1988, and five days later, the Batavia Police Department relinquished custody of the van to FBI special agents. On the same day, Anderson and her attorney were notified of the administrative forfeiture proceedings, which entail a declaration by an FBI officer in Washington that the property is forfeited. See 21 C.F.R. 1316.-77(b) (1990). Anderson notified the FBI that she wished to contest the forfeiture, and the matter was referred to the United States Attorney's Office for institution of judicial forfeiture proceedings. Throughout this time period, the FBI maintained possession of the van.

Sections of the Illinois Code of Criminal Procedure, Ill.Rev.Stat.1971, ch. 38, § 36–2, and the Illinois Cannabis Control Act, Ill. Rev.Stat.1971, ch. 56½, § 712, permit state forfeiture of vehicles used to transport marijuana. On September 22, 1988, the State of Illinois filed a complaint in state court for motor vehicle forfeiture against Anderson's van. The federal government did not file a forfeiture action in federal district court until October 27, 1988. Following the filing of the federal judicial forfeiture case, the van was transferred to the custody of the United States Marshal's Service, where it since has remained.

The state forfeiture action was dismissed voluntarily on December 7, 1988, but the state took no action with respect to the return of the vehicle to Anderson. Subsequently, on January 31, 1989, Anderson was indicted for possession of marijuana with intent to deliver and simple possession. She was acquitted of the intent to deliver charge, but was convicted of possession of marijuana and sentenced to probation. On February 15, 1990, the federal district court issued a decree ordering forfeiture of the vehicle pursuant to 21 U.S.C. § 881(a)(4) of the Comprehensive Drug Abuse Prevention and Control Act of 1970, which provides for the forfeiture of vehicles used "to transport, or in any manner facilitate the transportation, sale, receipt, possession or concealment" of a controlled substance in violation of subchapter I of Title 21 of the United States Code. It is from this order that Anderson now appeals.

To resolve this forfeiture contest, we must decide which court had jurisdiction over the Chevrolet van. Anderson contends that the Illinois state court had exclusive jurisdiction. She correctly points out that civil forfeiture actions are *in rem* proceedings, and that "when state and federal courts each proceed against the same *res*, 'the court first assuming jurisdiction over the property may maintain and exercise that jurisdiction to the exclusion of the other.'" *United States v. $79,123.49 in U.S. Cash and Currency*, 830 F.2d 94, 96 (7th Cir.1987) (quoting *Penn General Casualty Co. v. Pennsylvania*, 294 U.S. 189, 195, 55 S.Ct. 386, 388–89, 79 L.Ed. 850 (1935)). Thus, her argument continues, because the state court case was on file when the federal court case was commenced, the

district court could not acquire *in rem* jurisdiction over the van.

The Government, on the other hand, argues that it alone has jurisdiction because it took custody of the van before the state forfeiture action was initiated. The Government also relies on the language in 21 U.S.C. § 881(b), which authorizes the Attorney General to seize any property "when ... the Attorney General has probable cause to believe that the property is subject to civil or criminal forfeiture...." In addition, section 881(c) provides that "[p]roperty taken or detained under this section shall not be repleviable, but shall be deemed to be in the custody of the Attorney General, subject only to the order and decrees of the court or the official having jurisdiction thereof." The Government posits that the exclusive federal jurisdiction provisions of these statutes were triggered when the van was "taken or detained" and federal forfeiture proceedings were begun at the administrative level more than three months before the state filed its forfeiture action.

Both parties dance around the real issue. This case does not turn upon who won the forfeiture "foot race" in the courts, but rather upon the fact that there is no authority for the type of transfer between executives of agencies that took place here. To the contrary, such a transfer circumvents disposition of the *res* by the circuit court, as required by both Illinois statutes that authorize actions for forfeiture. The Illinois Code of Criminal Procedure empowers the state's attorney in the county where the seizure occurred to "bring an action for forfeiture in the Circuit Court within whose jurisdiction the seizure and confiscation has taken place." Ill.Rev.Stat. 1971, ch. 38, § 36–2(a). If the state's attorney fails to show at a hearing by the preponderance of the evidence that the property was used in the commission of an offense, *the Court* "shall order such vessel, vehicle or aircraft released to the owner." *Id.* (Emphasis provided). If the state's attorney does make such a showing, *"the Court* may order the vessel, vehicle or aircraft destroyed; may order it delivered to any local, municipal or county law enforcement agency, or the Department of State Police or the Department of Revenue of the State of Illinois; or may order it sold at public auction." *Id.* (Emphasis provided).

Chapter 56½, § 712(a)(1) and (3) of the Illinois Cannabis Control Act authorizes forfeiture of vehicles "which are used, or intended for use, to transport, or in any manner to facilitate the transportation, for the purpose of delivery" all substances containing cannabis which have been "produced, manufactured, delivered, or possessed" in violation of the Act. The Act allows any peace officer to seize the property "upon process issued by any court having jurisdiction over the property," or without process if the seizure is in accordance with the Illinois Code of Criminal Procedure. Ill. Rev.Stat.1971, ch. 56½, § 712(b). The Act very specifically describes the status of seized property with regard to disposition: The Director of the Department of State Police or a designated agent may forward the property to a federal agency, but "[p]roperty taken or detained under this Section shall not be subject to replevin, but is deemed to be in the custody of the Director *subject only to the order and judgments of the circuit court having jurisdiction over the forfeiture proceedings."* *Id.* at § 712(d) and (f)(3) (emphasis provided).

The Batavia police may have comported with parts of these statutes for purposes of the van's seizure, but they ignored the remaining portions for purposes of its disposition. A local police department may not take seized property and just pass it on as it pleases to the FBI in flagrant disregard of state laws mandating judicial authority for such turnovers. For its part, the Government does not seem to care how this type of property comes into its possession, as long as it ends up with it. The Government argues that local police departments give contraband to federal authorities for forfeiture as a routine, administrative procedure. It fails, however, to cite any authority for this questionable practice. The only support the Government can muster is *United States v. $530,000*, No. 87–C–2787, slip op., 1987 WL 27357 (E.D.Ill. Dec. 2, 1987), in which the federal government obtained custody of

drug money from the Chicago police prior to any attempt by the state court to exercise its *in rem* jurisdiction. (By mutual agreement, the police had turned the money over to the federal authorities to seek forfeiture in that there would be a greater chance of success under the more permissive federal forfeiture statute.) The court held that because "the federal court was the first court to take actual possession of the proceeds, *$79,123.49* is not controlling here." *Id.* at 5. [*$79,123.49* standing for the proposition that the court first assuming jurisdiction over the property has exclusive jurisdiction.]

We do not endorse the conclusion expressed in *$530,000,* nor do we agree with the Government that *$79,123.49* is inapplicable to this case. Moreover, it troubles us deeply that a local police department can ignore statutory directives as a "routine and administrative" matter. Arguments to the contrary, the due process clause of the Fifth Amendment still is alive and well, even in Batavia, Illinois. At the time the complaint was filed in federal district court, the state forfeiture action was pending and the state court had jurisdiction over the van to the exclusion of the federal court. The fact that the federal authorities muscled in on the van and began an administrative forfeiture proceeding before the state court action was filed did not confer jurisdiction on the federal court. We stated in *$79,123.49,* and maintain here as well, that jurisdiction obtained by mere possession "goes much too far." 830 F.2d at 98. *See also United States v. One 1985 Cadillac Seville,* 866 F.2d 1142, 1146 (9th Cir. 1989) (although " 'possession is nine-tenths of the law,' we prefer to apply the remaining one-tenth and decline to 'substitute a rule of force for the principle of mutual respect embodied in the prior exclusive jurisdiction doctrine' ") (quoting *$79,123.49,* 830 F.2d at 98). Because "[p]ossession obtained through an invalid seizure neither strips the first court of jurisdiction nor vests it in the second," *$79,123.49,* 830 F.2d at 98, the state court was the first and only court to acquire jurisdiction over the property at issue.

If the federal authorities wanted the van, they were bound to seek a turnover order from the circuit court of the county in which the van was seized. The fact that the state court voluntarily had dismissed the state forfeiture action—a fact the Government uses in an attempt to prove that the state failed to exercise jurisdiction over the van—does not mean that the state did lose jurisdiction. In *One 1985 Cadillac Seville,* a state court case became inactive because California did not seek the *res.* The Ninth Circuit stated that it could find no authority (and neither can we) "indicating that a failure on the part of the state court to prosecute, allows the district court to assume jurisdiction." 866 F.2d at 1145.

Elizabeth Anderson's 1979 Chevrolet C–20 van was before the district court improperly, and thus the court had no jurisdiction to order the vehicle forfeited. Accordingly, the district court's order is VACATED and the case REMANDED so that it may be dismissed for lack of jurisdiction over the *res.* The district court is instructed to order the vehicle returned to the clerk of court for the county in which it was seized for further disposition.