### UNITED STATES of America

v.

### $135,290 U.S. CURRENCY

**Mario Reyes, Claimant.**

No. 89 C 8263.

United States District Court, N.D. Illinois.

July 30, 1991.

Fred Foreman, U.S. Atty. by Charles E. Ex, Asst. U.S. Atty., Chicago, Ill., for plaintiff.

Fred M. Morelli, Jr., Law Offices of Morelli & Cook, Aurora, Ill., for claimant.

## ORDER

BUA, District Judge.

This forfeiture case continues to wend its way through the federal judicial system. If claimant Mario Reyes were to have his way, though, he would put a stop to this case, at least in the federal system. He claims that this court lacks jurisdiction over the disputed $135,290 in United States currency. It is his contention that Illinois state court has exclusive jurisdiction over the disposition of the money since local officials were the ones who originally seized the currency. Claimant's motion was sent to a magistrate judge for report and recommendation. The magistrate judge adopted claimant's view and dismissed for lack of jurisdiction. For the reasons stated below, the court declines to adopt the magistrate judge's recommendation.

The magistrate judge, in making his recommendation, relied on the Seventh Circuit's decision in *United States v. One 1979 Chevrolet C–20 Van*, 924 F.2d 120 (7th Cir.), *reh'g denied*, 924 F.2d 120 (1991). There, the Seventh Circuit determined that a district court lacked jurisdiction over a van which had been seized by local officers in connection with an arrest, and subsequently transferred to the possession of the FBI. In making its determination, the Seventh Circuit was primarily concerned with the fact that a state forfeiture action was pending at the time the federal forfeiture proceeding was filed. Because of the pending state action, the Seventh Circuit concluded that "the state court had jurisdiction over the van to the exclusion of the federal court." *Id.* at 123. The Seventh Circuit further found that the state court retained jurisdiction even though the state forfeiture action was later dismissed. *Id.*

Here, too, the $135,290 in U.S. currency was seized by local police officers during

an arrest, and possession of the currency was subsequently transferred to the FBI. However, there is one important difference in this case. A state forfeiture proceeding was never initiated. The government states that the currency was taken for evidentiary, not state forfeiture purposes. And, in fact, it does not appear that an Illinois state court was ever involved in this case. The record does not indicate that the original seizure was made pursuant to a search warrant and no state court order appears in connection with the seizure. Therefore, this court cannot find that an Illinois state court first assumed jurisdiction over the property, thereby precluding federal forfeiture jurisdiction. *See United States v. One 1985 Cadillac Seville,* 866 F.2d 1142, 1146 (9th Cir.1989) (since Cadillac was neither the subject of a state forfeiture complaint nor of any state court order, the district court had proper jurisdiction over it); *United States v. One 1986 Chevrolet Van,* 927 F.2d 39, 44 (1st Cir. 1991) (district court not deprived of jurisdiction if state never instituted a forfeiture action). A contrary holding would sweep too broadly. Accordingly, claimant's motion is denied. The government's motion to reinstate the default judgment is moot.

IT IS SO ORDERED.