**UNITED STATES of America**

v.

**ONE 1985 PORSCHE 944 VIN WPOAAO945FN457826, Defendant.**

**No. 90 C 6501.**

United States District Court, N.D. Illinois, E.D.

Oct. 7, 1991.

United States Attorney's Office and George Joseph Murtaugh, Jr., Chicago, Ill., for defendant One 1985 Porsche and for claimant Michael Vanes.

Jeffrey S. Blumenthal, Robert M. Kamm, and Jerold Jay Shapiro, Kamm & Shapiro, Ltd., Chicago, Ill., for claimant Harris Bank Wilmette, f.k.a. First Nat. Bank of Wilmette.

## MEMORANDUM AND ORDER

MORAN, Chief Judge.

Deerfield police officers stopped the claimant's vehicle on May 24, 1990, for traffic violations. The claimant admitted that there was some marijuana in the automobile and that he had been smoking some of it. The claimant was arrested for possession and the vehicle was held for an inventory search. The following day the Deerfield police contacted the FBI and subsequently the police transferred possession of the vehicle to that agency. The Deerfield police did not contact the state authorities about initiating a forfeiture action; the federal authorities subsequently did initiate this forfeiture proceeding. The claimant now moves to dismiss for lack of jurisdiction over the *res*. That motion is granted.

Claimant relies upon *United States v. One 1979 Chevrolet C–20 Van*, 924 F.2d 120 (7th Cir.1991). He necessarily has to contend that local law enforcement, in seizing any property during a controlled substance arrest, must obtain a state court order prior to transferring the property to the federal authorities for federal forfeiture proceedings. But that is what *One 1979 Chevrolet C–20 Van (C–20 Van)* appears to require. In *C–20 Van* the local police took custody of the van at the time of arrest and turned it over to the FBI a few days later. That agency then initiated administrative forfeiture proceedings. True it is that a state forfeiture proceeding was initiated prior to the federal judicial forfeiture action (and was later voluntarily dismissed), but, according to the court, the "real issue" was not who got to the courthouse first. The van was in the possession of the state authorities, it was subject to forfeiture under state law, and it thereupon became subject to state court orders. There was "no authority for the type of transfer between executives of agencies that took place (there)", and that is the type of transfer here. "A local police department may not take seized property and just pass it on as it pleases to the FBI...." "... [T]hat local police departments give contraband to federal authorities for forfeiture as a routine, administrative procedure ..." is a "questionable practice" unsupported by authority.

This court is aware that Judge Bua has read *C–20 Van* to be restricted to cases in which a federal judicial forfeiture was initiated while a state forfeiture action was actually pending. *United States v. $135,290 in U.S. Currency*, 767 F.Supp. 1459 (N.D.Ill.1991). While there is some lan-

guage in *C–20 Van* that provides some support for that view, we do not believe, with all due respect, that it comports with the tenor of the position taken by the court in *C–20 Van.*