**STATE of Minnesota, DEPARTMENT OF PUBLIC SAFETY, CRIMINAL APPREHENSION DIVISION, Appellant,**

**v.**

**$6,276 IN UNITED STATES CURRENCY and Raymond Peter Whebbe, Respondents.**

Nos. C3-91-568, C5-91-569.

Court of Appeals of Minnesota.

Dec. 10, 1991.

Review Denied Jan. 30, 1992.

Hubert H. Humphrey, III, Atty. Gen., James B. Early, Sp. Asst. Atty. Gen., St. Paul, for appellant.

Jeffrey B. Ring, Minneapolis, for respondents.

Considered and decided by SHORT, P.J., and RANDALL and LOMMEN *, JJ.

## OPINION

RANDALL, Judge.

In 1986, police seized currency allegedly used in illegal gambling by respondent Raymond Peter Whebbe. In 1987, respondent was convicted of gambling violations. The provision allowing forfeiture of gambling money mentions no statute of limitations. In 1990 the state filed a complaint against both the money and respondent in forfeiture and declaratory judgment actions. Concluding that a two year statute of limitations applied to the forfeiture action, the trial court ruled that the state's action was foreclosed. The trial court also dismissed the declaratory judgment action. We affirm.

## FACTS

The substantive facts of this case are not contested.

During gambling investigations, the police searched respondent Whebbe's residence seizing currency and gambling records. In January 1987, respondent was convicted of gambling offenses.

Forfeiture of seized gambling related items is allowed if, after a separate complaint is filed against the property, the court finds it was used as alleged in the forfeiture complaint. Further, the statute prohibits replevin actions to recover seized property and indicates that seized property is subject only to decrees of the court hav-

---

* Retired judge of the district court, acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 2.

ing jurisdiction over the forfeiture proceedings.

In March 1990, the state filed a complaint against both the seized money and respondent for forfeiture of the money and a declaratory judgment that any claim by respondent to the money was illegally based. Respondent's answer alleged the applicability of a two year statute of limitations. Respondent also maintained that he obtained the money as a result of a worker's compensation settlement and that he could trace the money thereto. The trial court concluded a two year statute of limitations applied and ordered the money returned to respondent but kept possession of the funds pending appeal. The trial court also dismissed the state's claim for a declaratory judgment.

### ISSUE

1. Did the trial court err in applying a two year statute of limitations to the state's forfeiture action?

2. Did the trial court err in ordering return of the money to respondent?

### ANALYSIS

#### I.

■ In gambling cases money "used or intended for use" in illegal gambling activities is subject to forfeiture. Minn.Stat. § 609.762, subd. 1(b) (1990). For the state to prevail in a forfeiture action:

(a) a separate complaint must be filed against the property describing it, charging its use in the specified violation, and specifying the time and place of its unlawful use;

(b) if the person charged with a gambling offense is acquitted, the court shall dismiss the complaint and order the prop-

erty returned to the persons legally entitled to it; and

(c) if after conviction the court finds the property, or any part of it, was used in violation as specified in the complaint, it shall order that the property be sold or retained by the law enforcement agency for official use. \* \* \*

Minn.Stat. § 609.762, subd. 4 (1990). The state challenges the trial court's application of the two-year statute of limitations found in Minn.Stat. § 541.07(2) (1990).

■ Under Minn.Stat. § 541.05, subd. 1(2) (1990) there is a six-year statute of limitations

[u]pon a liability created by statute, other than those arising upon a penalty or forfeiture or where a shorter period is provided by section 541.07.

Under Minn.Stat. § 541.07(2) there is a two-year statute of limitations "[u]pon a statute for a penalty or forfeiture." The state alleges that because "penalty" and "forfeiture" are found in tandem, the forfeitures and penalties to which these statutes apply must be similar. Therefore, the state reasons, because a "penalty" implies a money judgment, and because an *in rem* forfeiture is not a proceeding for a money judgment but for title to property, the two-year limitation does not apply to *in rem* forfeitures.[1] We disagree. The claimed distinction is meaningless.

■ When construing statutes, "[w]ords and phrases are construed according to rules of grammar and according to their common and approved usage." Minn.Stat. § 645.08(1) (1990). As commonly used, we cannot say that "forfeiture" refers *only* to forfeitures involving money judgments. No grammatical rule can be found requiring the phrase "penalty or forfeiture" in Minn.Stat. §§ 541.05, subd. 1(2) and 541.-

---

**1.** To the extent respondent argues this is an *in personam* action, we disagree. Forfeiture of gambling-related property requires that "a separate complaint be filed *against the property*." Minn.Stat. § 609.762, subd. 4(a) (emphasis added). Also, the nongambling forfeiture statute in the criminal code explicitly states: "An action for forfeiture *is a civil in rem action*." Minn. Stat. § 609.531, subd. 6a(a) (1990) (emphasis

added). While this reference to the *in rem* nature of general forfeiture actions post-dated respondent's conviction, *see* 1988 Minn.Laws ch. 665, § 10, that amendment is consistent with the prior understanding of forfeitures. *See United States v. One 1952 Buick Special Riveria Automobile,* 136 F.Supp. 253, 254 (D.Minn.1955) (forfeiture action against seized car explicitly noted as *"in rem "*).

07(2) to be construed as "penalty and money judgment forfeiture only." By statute:

> [w]hen the words of a law in their application to an existing situation are clear and free from all ambiguity, the letter of the law shall not be disregarded under the pretext of pursuing the spirit.

Minn.Stat. § 645.16 (1990). Given common usage, the imposition of a two-year statute of limitations "[u]pon a statute for a penalty or forfeiture" under Minn.Stat. § 541.-07(2) is clear in its application to forfeitures. To the extent a statute is clear, "there is no room for construction". *Mollberg v. Marsden*, 294 Minn. 493, 494, 200 N.W.2d 298, 299 (1972).

■ Alternatively, even if the limitation statutes are deemed sufficiently ambiguous to allow judicial construction, the two-year statute of limitations provided in section 541.07(2) is still applicable. According to Minn.Stat. § 541.01 (1990),

> [a]ctions can *only* be commenced within the periods prescribed in *this chapter* * * * except where a different limitation is prescribed * * * in special cases, by other statute * * *.

(Emphasis added.) Thus chapter 541 applies by default to statutes which do not reference a limitation period. Under chapter 541, the only limitation explicitly applicable to forfeitures is the two year limit in section 541.07(2).[2]

■ Alternatively, the state argues:

> If there is a statute of limitations and it has run, the court will no longer have any jurisdiction over the forfeiture proceeding. If the court has no jurisdiction, it would have no authority to order return of the property to a claimant under any circumstances.

This argument is without merit. The defense of the running of a statute of limitations is customarily raised only *after* the applicable statute is run. Historically, all courts, trial and appellate, have the authority to decide if the statute of limitations, claimed to apply, does apply. If a court cannot decide that issue after the claimed bar has passed, who can?

Under the state's interpretation of the statute, if the state does not bring a forfeiture action, a claimant could never regain his seized property. If the statute of limitations a claimant wishes to use to regain seized property has run, he can find no court with jurisdiction, and until it has run, why would a court use it as a reason to give him back his property? *See* Minn. Stat. § 645.17(1) (1990) ("The legislature does not intend a result that is absurd, impossible of execution, or unreasonable.").[3]

## II.

■ The state argues that even if a statute of limitations is applicable, and has passed, respondent is still not entitled to a return of the money because he originally acquired it illegally.

### A. *Illegal Acquisition*

The money was originally subject to forfeiture because it was allegedly involved in illegal gambling. *See* Minn.Stat. § 609.-762, subd. 4(b). To conclude that a two-year statute of limitations is applicable to forfeiture actions but that the limitation can be circumvented by allowing the state to assume the money *was* illegally obtained would make senseless the applicable statute of limitations.

*Reynolds v. Roll*, 122 Cal.App.2d 826, 266 P.2d 222, *cert. denied*, 348 U.S. 832, 75 S.Ct. 55, 99 L.Ed. 656 (1954), which the state cites to support its argument, is distinguishable. There, ownership of the money was at issue and the claimant had to demonstrate the money was his. As his claim to the money was based on illegal acquisition, the court "[would] not lend as-

---

2. The general statutes of limitations in chapter 541 apply to the state:

> Such limitation shall apply to actions by or in behalf of the state and the several political subdivisions thereof * * *.

Minn.Stat. § 541.01 (1990).

3. We distinguish *Director of Finance v. Cole*, 296 Md. 607, 465 A.2d 450 (1983) cited by the state noting that under the statute at issue there, the burden of initiating an action to recover seized property was apportioned in a qualitatively different manner. *See id.* at 626–28, n. 5, 465 A.2d at 461–62, n. 5.

sistance to persons whose claim for relief rests on an illegal transaction." *Id.* at 836, 266 P.2d at 228 (quoting *Lee On v. Long,* 37 Cal.2d 499, 500, 234 P.2d 9, 10 (1951), *cert denied,* 342 U.S. 947, 72 S.Ct. 553, 96 L.Ed. 704 (1952)). The *Reynolds* issue is not the issue here. Here, the trial court found:

> [The state] admitted in its pleadings that at the time of the seizure, the [money] was owned by [respondent].

*See id.* 122 Cal.App.2d at 837, 266 P.2d at 229 (distinguishing *People v. Grant,* 52 Cal.App.2d 794, 127 P.2d 19 (1942) on grounds that ownership of the money in *Grant* was not at issue). Here, the issue is simple. Is there an applicable statute of limitations, and if so, has it run so as to bar the state from forfeiture?

### B. *Disposition of the Money*

The trial court ordered the money be returned to respondent and the state's declaratory judgment action be dismissed. This was proper. Initially, because the trial court must dismiss a forfeiture complaint if the defendant is acquitted, Minn.Stat. § 609.762, subd. 4(b), any preconviction determination by the forfeiture court could be rendered academic. Thus, the two-year statute of limitations for filing a forfeiture complaint can, with logic, only be measured from conviction to determine if it is run.

Under Minn.Stat. § 626.04 (1990):

> When any officer seizes * * * any property or thing, it shall be safely kept by direction of the court as long as necessary for the purpose of being produced as evidence on any trial. After the trial the property or thing shall, unless otherwise subject to lawful detention, be returned to its owner or any other person entitled to possess it. Any property or thing seized may be destroyed or otherwise disposed of under the direction of the court. Any money found in gambling devices when seized shall be paid into the county treasury.

Here, the trial court explicitly ruled that prior to its seizure, respondent owned the money. The money was not subject to "detention" beyond expiration of the two-

year statute of limitations. The trial court properly found the state was barred from proceeding in forfeiture and properly ordered the money returned to respondent.

### DECISION

The two-year statute of limitations of Minn.Stat. § 541.07(2) is applicable to gambling forfeitures under Minn.Stat. § 609.-762. Upon expiration of the statute of limitations, the trial court properly ordered return of the money to respondent.

Affirmed.