Hubert H. HUMPHREY, III Attorney General, Respondent,

v.

$1109 IN UNITED STATES CURRENCY and One Ruger .22 cal revolver, serial # 88106; One Raven .25 cal semiautomatic pistol, serial # 606800; One Meriden 12 ga shotgun, serial # T3225522; One H & R ga shotgun, serial # AX631596, Defendants,

Gary Lloyd Bruce, Appellant.

No. C9–95–938.

Court of Appeals of Minnesota.

Oct. 24, 1995.

Review Denied Dec. 20, 1995.

Hubert H. Humphrey, III, Attorney General, James B. Early, Assistant Attorney General, St. Paul, for Respondent.

Gary Lloyd Bruce, Littleton, CO, Pro Se.

Considered and decided by KLAPHAKE, P.J., and PARKER and SHORT, JJ.

## OPINION

KLAPHAKE, Judge.

Appellant Gary Lloyd Bruce seeks review of summary judgment ordering forfeiture of currency and firearms associated with controlled substances. Because the district court properly exercised subject matter jurisdiction and determined that the statute of limitations had not run, we affirm.

## FACTS

On August 24, 1991, Washington County sheriff executed a search warrant of appellant's home and arrested him. Drug distributing equipment, cash, and four firearms were "found in proximity to marijuana." All of the firearms were loaded. Law enforcement officers seized everything but the firearms at the time the warrant was executed. The firearms were not covered by the warrant; however, a few days later, on the advice of appellant's attorney, appellant's son turned the firearms over to the police.

Appellant was convicted of six drug-related crimes committed between 1987 and mid-1991, during which time he distributed thousands of pounds of marijuana. His conviction was affirmed in *U.S. v. Bruce*, 984 F.2d 928 (8th Cir.1993), *cert. denied,* —— U.S.

——, 114 S.Ct. 275, 126 L.Ed.2d 226 (1993). He is currently in federal prison.

This action to forfeit the cash and firearms was filed on February 23, 1994. Appellant previously forfeited his house to the federal government under the federal drug forfeiture laws. On March 3, 1994, appellant, pro se, filed a claim to the property and moved to dismiss the complaint. Because the parties submitted documentary evidence, the court treated the motion as one for summary judgment and ordered judgment for the state.

Here, as he did in the district court, appellant argues that the state court relinquished its jurisdiction by allowing the related federal actions to proceed and, alternatively, that the statute of limitations had run on the state forfeiture action before the county filed its complaint. We have considered appellant's reply brief and deny respondent's motion to strike same.

## ISSUES

I. Did the district court properly exercise subject matter jurisdiction over the state forfeiture action?

II. Did the district court correctly conclude that the statute of limitations had not run?

## ANALYSIS

On appeal from summary judgment, this court must determine whether there are any genuine issues of material fact and whether the district court erred in its application of the law. *State v. French,* 460 N.W.2d 2, 4 (Minn.1990). Appellant contends that (1) the trial court lacked subject matter jurisdiction and (2) the statute of limitations had run. These are legal issues which we decide de novo. *See Frost–Benco Elec. Ass'n v. Minnesota Pub. Utils. Comm'n,* 358 N.W.2d 639, 642 (Minn.1984).

### I.

Statutory forfeiture under Minn. Stat. § 609.531, subd. 6a (1992), is a "civil in rem action." As such, the real offender is not the owner, but the property itself. 37 C.J.S. *Forfeitures* § 2 (Supp.1995). Consequently, the court has jurisdiction over the

property within the state regardless of the residence or presence of the owner. *See Bullock v. Bullock*, 181 Minn. 564, 565, 233 N.W. 312, 313 (1930) (enforcement of nonresident's maintenance obligation out of property within state). The requirements for in rem jurisdiction are: (1) the presence of the res within the state's borders; (2) the seizure of the res at the commencement of the proceedings; and (3) the opportunity of the owner to be heard. *Pennington v. Fourth Nat'l Bank*, 243 U.S. 269, 272, 37 S.Ct. 282, 283, 61 L.Ed. 713 (1917) (garnishment proceedings valid not in personam, but as charge to be satisfied out of property seized). Appellant does not challenge the existence of these essentials for state court action.

■ Misconstruing the action as in personam, appellant makes a double jeopardy argument. Because this is an in rem action, however, only one jurisdiction can legally seize and hold the property to obtain jurisdiction. *See, e.g., U.S. v. One 1979 Chevrolet C–20 Van*, 924 F.2d 120, 123 (7th Cir.1991) (state had prior exclusive jurisdiction); *U.S. v. One 1985 Porsche*, 775 F.Supp. 1573 (N.D.Ill.1991) (failure to properly transfer property to federal authorities resulted in state retaining exclusive jurisdiction); *U.S. v. $135,290*, 767 F.Supp. 1459, 1460 (N.D.Ill. 1991) (where no state forfeiture action had been commenced, federal court had jurisdiction over property). As there is no allegation or evidence of the federal government's prior jurisdiction over the property at issue, the district court properly exercised subject matter jurisdiction.

## II.

The county brought the state forfeiture action pursuant to Minn.Stat. § 609.5311 (1992), which subjects property associated with controlled substances to forfeiture. Appellant contends the statute of limitations for the forfeiture action has run. The county responds that the legislature did not intend that a limitations period apply to this kind of forfeiture, and alternatively, that the two-

year statute on forfeitures applies and has not run.

This is a case of first impression.[1] We believe the analysis in *State v. $6,276*, 478 N.W.2d 333 (Minn.App.1991), *review denied* (Minn. Jan. 30, 1992) applies. In *$6,276*, this court considered which statute of limitations applied to a gambling forfeiture action under Minn.Stat. § 609.762 (1990). There, as here, the state was the plaintiff, bringing a civil in rem action for forfeiture, under a statute lacking an express limitation provision. This court decided that the two-year statute of limitations "upon a statute for a penalty or forfeiture" applied. Minn.Stat. § 541.07(2) (1990).

■ We see no merit in the state's argument that the legislature intended no statute of limitations to apply in drug forfeiture cases. Minnesota law provides that "actions can only be commenced within the periods prescribed in [the general limitations] chapter * * * or by other statute." *Id.* § 541.01 (1992). The limitations language in the forfeiture statutes addresses very specific types of cases which are inapplicable here. For example: (1) forfeitures in drive-by shooting cases (Minn.Stat. § 609.5318, subds. 2–3 (1994)); (2) administrative forfeitures (*id.* § 609.5314 (1992)); and (3) property seized without process that "was used or is intended to be used in commission of a felony" (*id.* § 609.531, subd. 4(3) (1992)). Because none of these situations apply to this forfeiture action, there is no applicable express statute of limitations in the forfeiture statute, and the general statutes apply "by default." *See $6,276*, 478 N.W.2d at 336.

■ But what date or event triggers the running of the two-year statute of limitations? There is no express provision. There is, however, a provision specifically governing forfeitures of property associated with controlled substances limiting the court's authority to order a forfeiture. It states:

> A court may not issue an order of forfeiture * * * while the alleged owner of the property is in custody and related criminal

---

1. For a collection of other state courts' consideration of this issue under their state statutes, *see*

Annot., 90 A.L.R. 4th 493 (1991).

proceedings are pending against the alleged owner.

Minn.Stat. § 609.531, subd. 6a(b) (1992). While the remedial purposes of the forfeiture law favor forfeitures in drug cases, *id.*, subd. 1a, this limit on the court's authority necessarily delays final action until the defendant's related criminal proceedings are concluded.

If the district court has no authority to issue an order of forfeiture until certain conditions are met, the state reasonably could expect that commencement need not predate the court's authority to issue the order. Otherwise, the forfeiture action could remain pending for an inordinate amount of time while the defendant exhausts his or her appeals.

■ A plain reading of the statute indicates that the court had authority to issue an order of forfeiture as soon as appellant was released from custody or ceased to have criminal proceedings pending against him. As application of the statutory language to this case is clear and free from ambiguity, we need not embark on statutory construction. *See* Minn.Stat. § 645.16 (1994). Appellant's items were seized on or about August 24, 1991, the date that appellant was placed under arrest. The criminal proceedings remained "pending" against appellant and he remained in custody at least until the appeal of the conviction was finally decided. The last related criminal proceeding concluded when the 8th Circuit denied rehearing on March 30, 1993. Applying the two-year statute of limitations, running from the final disposition of the criminal proceedings on March 30, 1993, the state's February 23, 1994 commencement date was well within the two-year statutory period.

### DECISION

The district court's judgment in favor of the state is affirmed. The district court properly exercised jurisdiction and the statute of limitations had not run.

**Affirmed.**