**Barbara STRANGE, Appellant,**

v.

**1997 JEEP CHEROKEE,
NEW MEXICO LIC. # 630–KLD,
VIN # 1J4FJ2881VL502086,
Respondent.**

No. C0–99–89.

Court of Appeals of Minnesota.

July 27, 1999.

Deborah K. Ellis, St. Paul, for appellant.

Mike Hatch, Attorney General, St. Paul; and Raymond F. Schmitz, Olmsted County Attorney, Geoffrey Hjerleid, Assistant County Attorney, Rochester, for respondent.

Considered and decided by HARTEN, Presiding Judge, WILLIS, Judge, and THOREEN, Judge.

## OPINION

JOHN F. THOREEN, * Judge

Appellant Barbara Strange challenges an order dismissing her complaint seeking return of her Jeep Cherokee, which was held for administrative forfeiture after her son was arrested for felony possession of marijuana while in the vehicle. The district court ruled that it had no jurisdiction over the action, apparently concluding that the state had abandoned its forfeiture claim when appellant's son pleaded guilty to a misdemeanor drug offense and the Federal Drug Enforcement Administration initiated forfeiture proceedings. Because we conclude that jurisdiction attached when appellant filed a complaint in state district court seeking judicial determination of the forfeiture, we reverse and remand for judicial forfeiture proceedings.

## FACTS

On June 2, 1998, David Hayer was arrested near Rochester for fifth-degree controlled substance crime after he was found to be in possession of 62 grams of marijuana. At the time of his arrest, Hayer was a passenger in a 1997 Jeep Cherokee registered to appellant Barbara Strange, his mother.

The next day the Department of Public Safety served Hayer in jail with a Notice

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

of Seizure and Intent to Forfeit Property pursuant to Minn.Stat. §§ 609.531–.5318 (1996 & Supp.1997). Appellant also received notice of the forfeiture by mail on June 4, 1998.

On June 15, 1998, Hayer pleaded guilty to misdemeanor possession of marijuana in a motor vehicle under Minn.Stat. § 152.027, subd. 3 (1996). Assistant Olmsted County Attorney Geoffrey Hjerleid stated by affidavit that he exercised his prosecutorial discretion to offer Hayer the plea bargain because Hayer had no prior offenses and it was believed that the marijuana was for personal use and not for sale. Hjerleid also decided not to seek forfeiture of the vehicle under state law and allegedly told Hayer of his decision on June 9, before Hayer's guilty plea. Hjerleid further stated that the state patrol "expressed disagreement" with his decision and sought to have the vehicle forfeited under federal law. The vehicle was not returned to appellant or Hayer.

Because the state declined to return the vehicle, appellant filed a complaint on July 14, 1998, seeking a judicial determination of the forfeiture action in district court as is permitted by the forfeiture statute, Minn.Stat. § 609.5314. Two days later, Hayer and appellant received written notice that the state had abandoned its forfeiture action. On August 5, 1998, the Drug Enforcement Agency (DEA) served on appellant notice of intent to forfeit the vehicle under federal law.

Thereafter, the parties both moved for summary judgment, and the state moved to dismiss the action. After a hearing, the district court dismissed the complaint, concluding that it had "no jurisdiction over the defendant vehicle as there is no action pending against the vehicle in the State of Minnesota." This appeal followed.

## ISSUE

Did the district court err in concluding that it did not have subject matter jurisdiction over the Jeep Cherokee?

## ANALYSIS

■ The question of whether a district court has subject matter jurisdiction is a legal question subject to de novo review on appeal. *Humphrey v. $1109 in U.S. Currency,* 539 N.W.2d 1, 2 (Minn.App.1995), *review denied* (Minn. Dec. 20, 1995).

■ In Minnesota, statutory forfeiture can occur by either judicial or administrative action. In forfeiture by judicial action, the jurisdiction of the court is invoked by the state's filing of a complaint against the property subject to forfeiture. Minn. Stat. § 609.5313 (1996). In administrative forfeiture, the appropriate administrative agency may seize and dispose of the subject property by serving a "notice of seizure and forfeiture" that complies with the requirements of the statute. Minn.Stat. § 609.5314, subd. 2 (1996). Within 60 days after service of such a notice, a claimant who objects to administrative forfeiture may file a "demand for a judicial determination of the forfeiture" that is "in the form of a civil complaint." *Id.,* subd. 3(a) (Supp.1997). The claimant waives the right to challenge the forfeiture if no demand for judicial determination is made. Minn.Stat. § 609.5315, subd. 2 (1996).

■ Civil forfeitures involving court action are *in rem* proceedings. *United States v. $79,123.49 in U.S. Cash & Currency,* 830 F.2d 94, 97 (7th Cir.1987); *Humphrey,* 539 N.W.2d at 2; *see* Minn. Stat. § 609.531, subd. 6a(a) (1996). Under the rule of exclusive jurisdiction, if a federal and state court each has the power to proceed against the res, "the court first assuming jurisdiction over the property may maintain and exercise that jurisdiction to the exclusion of the other." *Penn Gen. Cas. Co. v. Pennsylvania,* 294 U.S. 189, 195, 55 S.Ct. 386, 389, 79 L.Ed. 850 (1935); *see also United States v. 566 Hendrickson Blvd.,* 986 F.2d 990, 993 (6th Cir.1993); *United States v. One 1987 Jeep Wrangler Auto.,* 972 F.2d 472, 477 (2nd Cir.1992); *United States v. $12,390.00,* 956 F.2d 801, 805 (8th Cir.1992); *United States*

*v. Winston–Salem/Forsyth County Bd. of Educ.*, 902 F.2d 267, 271 (4th Cir.1990); *United States v. One 1985 Cadillac Seville*, 866 F.2d 1142, 1145 (9th Cir.1989); *$79,-123.49*, 830 F.2d at 97.

The purpose of the rule is "[t]o avoid unseemly and disastrous conflicts in the administration of our dual judicial system, and to protect the judicial processes of the court first assuming jurisdiction."

*$79,123.49*, 830 F.2d at 96 (quoting *Penn Gen. Cas. Co.*, 294 U.S. at 195, 55 S.Ct. at 389).

Appellant claims that her filing of a complaint seeking a judicial determination of the administrative forfeiture action conferred jurisdiction on the district court. Generally, under Minnesota law, the service of a complaint in a civil action confers jurisdiction upon the district court. *See* Minn. R. Civ. P. 3.01. The forfeiture statute specifically provides that once a claimant requests a judicial determination by filing a complaint, an administrative forfeiture proceeding advances into the district court and proceeds as "a civil in rem action." Minn.Stat. § 609.5314, subd. 3(c) (Supp.1997) (requiring forfeiture that began as administrative forfeiture to be conducted under section on judicial forfeiture if claimant makes timely demand for judicial determination). Minn.Stat. § 609.531, subd. 6a(a) (judicial forfeiture action is "civil in rem action"). Here, appellant's filing of a complaint seeking a judicial determination was the first action by any of the parties invoking the jurisdiction of any court, either state or federal. Thus, we conclude that the district court had jurisdiction over the forfeiture action once appellant filed the complaint for a judicial determination.[1]

The state contends that its actions demonstrate that it abandoned the forfeiture or validly transferred the res from a state to a federal agency, and thus the district court did not have jurisdiction over the Jeep Cherokee at the time that appellant sought a judicial determination. Under federal case law, some jurisdictions allow an agency to abandon a forfeiture action by returning the property to the claimant. *See, e.g., One 1987 Jeep Wrangler*, 972 F.2d at 477, n. 7. Here, the facts do not support the state's claim of abandonment because the Jeep Cherokee was never returned to appellant. The statements of Hjerleid regarding his determination not to seek forfeiture of the vehicle under state law are inconsistent with his refusal to release the vehicle.[2] In the future, if a county desires to abandon an administrative forfeiture, the county attorney must order release of the vehicle.

There is a split in federal authority regarding the circumstances under which a valid transfer of property seized for forfeiture may occur between appropriate state and federal authorities. In *United States v. One 1979 Chevrolet C–20 Van*, 924 F.2d 120 (7th Cir.1991), the Seventh Circuit sets forth what we conclude is the majority view. In that case, a voluntary transfer of seized property took place between the

---

1. The state argues that because it never filed any action in district court and no orders were ever issued in the matter, the district court had no jurisdiction over the matter. As the statute provides for district court involvement once a demand for a judicial determination is made, this argument lacks merit. Further, the state contends that this case is most similar to *United States v. 566 Hendrickson Blvd.*, 986 F.2d 990 (6th Cir.1993). In that case, however, once the property owner properly objected to the seizure under Michigan law, the prosecutor was required by statute to institute forfeiture proceedings. *Id.* at 993. As the prosecutor had not initiated proceedings, the Sixth Circuit held that the Michigan state court did not have jurisdiction over the claim. *Id.* at 995. Minnesota, by contrast, allows a claimant to file a complaint in the district court and invoke the court's jurisdiction by this method. These factual distinctions make *566 Hendrickson Blvd.* inapposite to this case.

2. At oral argument before this court, Hjerleid conceded that the Jeep Cherokee remains in the possession of the state patrol, where it has been impounded since it was seized.

Batavia, Illinois police and the FBI in contravention of a state statute requiring a court order before transfer of property retained for forfeiture. *Id.* at 122–23. The Seventh Circuit labeled these transfers of seized property between state and federal agencies a "questionable practice" that could violate a claimant's due process rights. *Id.* at 122; *see also One 1985 Cadillac Seville*, 866 F.2d at 1146 (although recognizing maxim that "possession is nine-tenths of the law," court stated preference for applying remaining one-tenth rather than substituting "a rule of force for the principle of mutual respect embodied in the prior exclusive jurisdiction doctrine"). The transfer language of the Illinois statute applicable in *One 1979 Chevrolet C–20 Van*, 924 F.2d at 122, is nearly identical to Minnesota's statute, which provides:

> Any property seized under sections 609.531 to 609.5318 is not subject to replevin, but is deemed to be in the custody of the appropriate agency subject to the orders and decrees of the court having jurisdiction over the forfeiture proceedings.

Minn.Stat. § 609.531, subd. 5 (1996).

■ Here, appellant's vehicle was confiscated on June 3, 1998. Even though Hjerleid allegedly notified appellant six days later that he would not seek forfeiture of the vehicle, the DEA did not serve its notice of seizure until August 5, approximately two months later. As the vehicle was subject to this state's jurisdiction by virtue of appellant's filing the complaint seeking a judicial determination of the forfeiture action on July 14, 1998, no valid transfer of the vehicle could occur after that time, other than by court order. *See id.*

■ While we adopt the majority approach on jurisdictional transfers of forfeited property expressed by the Seventh Circuit, we recognize that the Eighth Circuit has taken a different approach to this issue when interpreting Missouri law. The Eighth Circuit affirmed federal court jurisdiction where Missouri police voluntarily transferred property to the DEA that was seized under a state search warrant. *$12,390.00*, 956 F.2d at 805. The Eighth Circuit held that the transfer did not encroach on state court jurisdiction because no state forfeiture action was ever commenced and federal forfeiture proceedings had been initiated. *Id.* The Eighth Circuit concluded that the state court lacked jurisdiction over the property even though the state court had ordered the property returned to the claimant. *Id.* The court noted that where the state court did "not consider that any affront [had] occurred[,][w]e do not think that claimants should have any greater right to complain." *Id.* at 806. Because the facts of *$12,390.00* establish that the state court did have jurisdiction over the claim prior to any jurisdictional transfer, we do not view *$12,390.00* as persuasive.

## DECISION

The district court erred in concluding that it did not have jurisdiction over the forfeiture action. We thus reverse and remand for a judicial determination on the forfeiture action.

**Reversed and remanded.**

HARTEN, Judge (concurring specially)

I concur with the court's opinion. I write separately, however, to highlight its mandate that

> [i]n the future, if a county desires to abandon an administrative forfeiture [of a motor vehicle], the county attorney must order release of the vehicle.

Since early statehood, Minnesota has embraced the fundamental principle that the criminal laws generally are to be enforced by local law enforcement officials. Minnesota does not have a state constabulary. The county sheriff is elected locally, as are the mayors and members of municipal councils that control the local police. The chief law enforcement officer in each county is the elected county attorney; the

county attorney, not the police, decides whether to initiate civil or criminal court process on behalf of the state. Problems occur when persons or agencies in the law enforcement system act outside normal channels.

Apparently disagreeing with the county attorney's June 9, 1998, decision to abandon the administrative forfeiture in the instant case, the state patrol "sought to have the vehicle forfeited under federal law." On August 5, 1998, the federal DEA issued a notice of forfeiture under federal law notwithstanding appellant's July 14, 1998, filing of a complaint in state court for judicial determination of forfeiture. As of June 9, 1999, when we heard the parties' oral argument, about one year had elapsed since Hayer's arrest and the county attorney's initiation of administrative forfeiture. Even now, as I write, the Jeep Cherokee apparently remains in limbo, purportedly beyond the reach of state officials and purportedly immune from appellant's efforts to recover possession of it. This boils down to an "unseemly conflict" in the

administration of the state and federal judicial systems that the United States Supreme Court warned against in *Penn Gen. Cas. Co. v. Pennsylvania*, 294 U.S. 189, 195–98, 55 S.Ct. 386, 389–90, 79 L.Ed. 850 (1935)—with an apparent state patrol-county prosecutor conflict thrown in. Appellant did the only thing she could do to obtain the return of her Jeep Cherokee, that is, seek a judicial determination of the validity of the forfeiture.

I have no quarrel with the legal forfeiture of private vehicles used to convey illicit drugs. But there is another side to that coin. Those who would undertake legal forfeiture must understand that our laws apply both to what is done and to how it is done. The maneuvering displayed here is troubling.