**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**$84,940 UNITED STATES CURRENCY,**
**Defendant.**

No. 03–3187.

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 20, 2004.

Decided Jan. 28, 2004.

Before CUDAHY, KANNE, and EVANS, Circuit Judges.

## ORDER

APPEAL OF: ROBERT M. ROSS

Officers from the Dane County Narcotics and Gang Task Force (DCNGTF), while investigating drug activity in Madison, Wisconsin, made a traffic stop of a car being driven by Robert Ross on March 7, 2002. With Ross's consent, the officers searched and hit a jackpot—$84,940 in United States currency stuffed in a duffle bag that also contained some marijuana and a "Sucrets" tin (apparently a drug packaging container) similar to another Sucrets tin found at a residence on Huxley Street on March 26, 2002, during a search that revealed 170 grams of marijuana. Ross was staying at the Huxley residence with its long-term occupants, Randall Wegner and Lennore Black. When asked, Ross denied any knowledge of, or ownership in, the cash found in the duffel bag.

Twelve days after the seizure of the cash, on March 19, 2002, the DCNGTF asked the federal DEA to "adopt the seizure" of the money and commence proceedings to forfeit it under federal law. The DEA formally accepted the offer on April 2, 2002, and commenced forfeiture proceedings by publication of a notice of administrative forfeiture on May 21, 2002.[1] The notice was also sent to Ross and others.

On May 20, 2002, one day before the DEA published its notice, Ross filed a "Motion for Return of Seized Personal Property" pursuant to Wis. Stat. § 968.20, in the circuit court, Dane County, Wisconsin, naming only the State of Wisconsin as a party. The state moved to dismiss Ross's motion on the ground that the *res* was transferred to the DEA, thus depriving the circuit court of jurisdiction. On August 22, 2002, the state circuit court denied the motion to dismiss, concluding that the Dane County circuit court had *in rem* jurisdiction by virtue of Ross's motion for the return of the cash. So, at this point in time, the stage was set for a potential tug-of-war over the *res*. But that potential evaporated when the State of Wisconsin and the federal government jointly asked the circuit court to reconsider its decision, and on April 11, 2003, the court did so: it held that the circuit court did not have jurisdiction over the *res*. And while this was going on, Ross, to

---

1. Oddly, the DEA published its notice in a newspaper–the *Wall Street Journal*—that one ordinarily does not associate with proceedings of this sort. The AUSA who argued the case before us could not say why that paper was used.

protect himself if the state court relinquished its claim to the *res,* filed a claim in the DEA's administrative action on June 17, 2002.

To preserve its ability to forfeit the currency,[2] the United States filed a complaint for forfeiture in the federal district court on September 6, 2002. Ross was served with a copy of the forfeiture complaint on December 3, 2002. On January 7, 2003, Ross filed an answer, claiming ownership to the money.

The United States filed a summary judgment motion together with supporting affidavits, and Ross filed a motion to dismiss the forfeiture action for lack of jurisdiction, pursuant to Fed.R.Civ.P. 12(b). On April 25, 2003, Ross also filed a motion in the Wisconsin circuit court, asking it to again reconsider its most recent order on jurisdiction. The circuit court summarily rejected Ross's reconsideration motion on May 6, 2003.

The district court denied Ross's motion to dismiss, and the parties agreed to the entry of an order of forfeiture, subject to Ross's right to appeal the district court's order denying his motion to dismiss for lack of *in rem* jurisdiction. The final order of forfeiture was entered on July 29, 2003. Ross, who has never been charged with any crimes related to drug activity, now appeals.

Ross's argument before us is that jurisdiction over the *res* belongs in the circuit court for Dane County, not the United States District Court for the Western District of Wisconsin. While the doctrine of collateral estoppel might very well doom this argument—the Dane County court has ruled that it is without jurisdiction over the *res*—we need not base our decision on that theory as the district court, in a splendid decision by Chief Judge Bar-

bara Crabb, correctly analyzed both Wisconsin and federal law in deciding that federal subject jurisdiction here is present. We have nothing to add to Judge Crabb's analysis, and so we adopt it as our own. Her opinion is attached to this order.

The judgment of the district court is AFFIRMED.

## OPINION AND ORDER

CRABB, District Judge.

This is a civil action *in rem* brought by the government to obtain forfeiture of $84,940 seized from claimant Robert M. Ross's automobile following a vehicle stop by Madison police on March 7, 2002. Claimant has moved for dismissal of the case on the ground that this court does not have jurisdiction over the seized money. I conclude that this court does have jurisdiction by virtue of Wis. Stat. § 961.555(1), which makes it explicit that state-seized property may be the subject of a federal forfeiture action, and the state's decision to ask the United States Drug Enforcement Agency to "adopt" the forfeiture made by the Madison Police Department.

From the parties' submissions, I find the following facts.

## FACTS

Early last year the Dane County Narcotics and Gang Task Force learned that Randall Wegner, Lennore Black and Robert M. Ross might be selling marijuana from a residence at 2005 Huxley Street in Madison, Wisconsin. Wegner and Black were long-term residents of this home; Ross was living with them temporarily. On March 6, 2002, task force agents visited the apartment to conduct a "knock and talk." Ross and Black were present but

---

**2.** Pursuant to 18 U.S.C. § 983(a)(3)(A), an action for forfeiture must be commenced not later than 90 days after an administrative claim has been filed.

Wegner was not. The agents asked for consent to search the premises. Ross consented to a search of the common areas, but could not and did not consent to any search of Wegner's bedroom. Although the search uncovered about six ounces of marijuana, packaging materials and marijuana residue, the task force agents left without arresting anyone. The task force asked Madison Police Department patrol officers to keep an eye on the residence that night.

At about 1:00 a.m. on March 7, 2002, a patrol officer observed Ross drive away from the residence in his car. The officer believed he saw Ross "roll through" the intersection of Fordem Avenue and East Johnson Street without coming to a complete stop and pulled him over. The officer asked him for consent to search his car, which Ross provided. Police found a duffle bag containing $84,940 in cash. The police arrested Ross and took him to the station. During questioning, Ross denied any knowledge or ownership of the money in his duffel bag. No charges were pressed against Ross, but the task force kept the money.

On March 19, 2002, a task force lieutenant asked the United States Drug Enforcement Administration to "adopt" the seizure so that the forfeiture could be sought under more lenient federal forfeiture laws. On March 20, 2002, Special Agent Jerome Becka of the DEA filled out the paperwork. On April 2, 2002, the DEA formally adopted the seizure. No state forfeiture action had been initiated by the state under Wisconsin's Uniform Controlled Substances Act, Wis. Stat. Ch. 961, and the state had not yet declined to proceed with a state forfeiture.

On May 20, 2002, Ross's lawyer filed a motion in Dane County Circuit Court for the return of seized personal property pursuant to Wis. Stat. § 968.20, which provides different procedures from those used in § 961.55.

The next day, May 21, 2002, the DEA formally initiated its administrative forfeiture proceedings against the $84,940 by publishing notice of intent to forfeit in the Wall Street Journal and by sending a letter to Ross's attorney.

The state moved to dismiss Ross's motion for return of property on the ground that the money had been transferred to the DEA, depriving the circuit court of jurisdiction. Initially, the circuit court disagreed. In an order entered August 21, 2002, the court concluded that it had obtained *in rem* jurisdiction over the cash prior to the federal government by virtue of Ross's motion to return. The court determined that the federal court had no jurisdiction over the money and that any purported transfer from the task force to the DEA was null.

Undeterred, the federal government filed a complaint of forfeiture *in rem* in this court on September 3, 2002. The United States Attorney did not mention that an *in rem* action had been filed in state court and that the state court did not intend to relinquish its jurisdiction. This court issued the requested warrant and proceedings began in this court.

Subsequently the district attorney and the United States Attorney filed a motion for reconsideration in state court. On April 11, 2003, the court granted the motion to reconsider and found that it never had had jurisdiction over the $84,940. The court vacated its earlier order and dismissed Ross's action for lack of jurisdiction.

## OPINION

Claimant argues that this court has no jurisdiction over the seized money because of the "first-in-time" rule and because the

state's attempt to transfer the money was illegal. Although there is some support for both propositions, closer examination reveals that they do not prevent this court from exercising jurisdiction.

Civil forfeiture is an *in rem* proceeding governed by the longstanding rule that when state and federal courts each proceed against the same *res*, the court first assuming jurisdiction over the property may maintain and exercise that jurisdiction to the exclusion of the other. The purpose of this rule is to avoid "unseemly and disastrous conflicts" in the administration of our dual judicial system and to protect the judicial processes of the court first assuming jurisdiction. *United States v. $79,123.49 in United States Cash and Currency,* 830 F.2d 94, 96 (7th Cir.1987); *see also United States v. $506,231 in United States Currency,* 125 F.3d 442, 447 (7th Cir.1997). Once a state court has assumed jurisdiction over a *res,* a federal court cannot assert jurisdiction over the same *res* until it has been transferred pursuant to state statute or by a turnover order from the state court. *United States v. One 1987 Mercedes Benz Roadster,* 2 F.3d 241, 243 (7th Cir.1993); *United States v. One 1979 Chevrolet C–20 Van,* 924 F.2d 120, 122 (7th Cir.1991).

The state of Wisconsin has enacted several different forfeiture statutes that apply to different situations. Pursuant to Wisconsin's Uniform Controlled Substances Act, Wis. Stat. Ch. 961 (first enacted as Ch. 161 and renumbered in 1996), the state may obtain forfeiture of contraband related to drug trafficking, including money derived through the commission of any crime under Ch. 961. Wis. Stat. § 961.55(2). Section 961.55(3) provides that any property seized but not forfeited shall be returned to its rightful owner and that any person claiming a right to property seized pursuant to § 961.55 may apply for its return in the circuit court of the county in which the property was seized.

Wis. Stat. § 961.555 sets forth the procedures governing forfeitures under the Uniform Controlled Substances Act. When enacted, this statute (then numbered § 161.555(1)) provided that

> In an action brought to cause the forfeiture of any property seized under s. 161.55, the court may render a judgment in rem or against a party personally, or both. The circuit court for the county in which the property was seized shall have exclusive jurisdiction over any proceedings regarding the property.

Wis. Stat. § 161.555(1).

In 1993, in direct response to the Seventh Circuit's decision in *One 1979 Chevrolet C–20 Van,* 924 F.2d 120, the state amended this statute to eliminate the exclusive jurisdiction requirement. The first sentence of the statute remained unchanged. The second sentence now reads

> The court for the county in which the property was seized shall have jurisdiction over any proceedings regarding the property when the action is commenced in state court. Any property seized may be the subject of a federal forfeiture action.

Wis. Stat. § 961.555(1). *See* 1993 Wis. Act 321; 1993 Assembly Bill 793 (Analysis by the Legislative Reference Bureau, 1993 Assembly Bill 793) (because federal, state and local law enforcement agencies cooperate in drug investigations, statute is being amended to remove exclusive state court jurisdiction over seized property so that it may be forfeited in federal action).

A claimant may invoke § 961.55's return-of-property provisions only after an unsuccessful forfeiture action brought by the state under the Uniform Controlled Substances Act. In any situation in which the state has not initiated a forfeiture ac-

tion under the Act, or in which the state did not seize property pursuant to § 961.55, such as in criminal forfeitures in nondrug cases, see §§ 973.075 and 973.076, a person claiming the right to property seized by the authorities is limited to the procedures set out in Wis. Stat. § 968.20. *In Re the Return of Property in State v. Jones,* 226 Wis.2d 565, 569, 594 N.W.2d 738, 740 (1999). Section 968.20(1) is a more general statute allowing any person claiming the right to possession of seized property to apply to the county court in which the property was seized; if the right to possession is proved to the court's satisfaction, then the court shall order property other than contraband to be returned if it is not needed as evidence or if all proceedings have been completed. *Id.* Section 968.20 presupposes the existence of a case and the retention of property by the authorities for use as evidence; § 961.55 does not require either of these things. *Id.* at 584, 594 N.W.2d at 747. If, however, the police seize property that could be forfeited under the Act but never initiate a forfeiture proceeding, a claimant must proceed under § 968.20. *Id.* at 585, 594 N.W.2d at 747–48. Pursuant to § 961.555(2)(a), a district attorney has 30 days from the date on which the property was seized within which to initiate a forfeiture proceeding under the Act.

Although these statutes and procedures seem easy enough to interpret and apply, proceedings in this case became snarled quickly because the parties and the court did not apply them rigorously. The county's drug task force seized the $84,940 from claimant's car on March 7, 2002. On March 19, 2002, the task force asked the DEA to adopt this seizure and seek forfeiture in federal court. This was within the 30–day time limit imposed by § 961.555(2)(a) and it comported with § 961.555(1), which explicitly allows the state to seek forfeiture in federal court. Two weeks later, on April 2, 2002, the DEA agreed to proceed. (The ability to transfer the *res* to federal jurisdiction in this fashion had not been part of the state statutory scheme when the Court of Appeals for the Seventh Circuit had decided *United States v. One 1987 Mercedes Benz,* 2 F.3d 241, *United States v. One 1979 Chevrolet C–20 Van,* 924 F.2d 120 and *United States v. $79,123.49,* 830 F.2d 94.)

If someone had immediately notified claimant or his attorney that the DEA had adopted the case, it is unlikely that he would have filed his state court action. In the absence of any such notice, claimant filed his motion for the return of property pursuant to § 968.20 after the 30–day time limit had passed for the state to file a forfeiture action under the Act. Unfortunately, claimant stated in his motion that "Wis. Stat. 961.555(2)(a) controls forfeiture proceedings." *See* Dkt. # 38 at 2. This was incorrect. *See Jones,* 226 Wis.2d at 585, 594 N.W.2d at 747–48. Claimant erred again in invoking the Uniform Controlled Substances Act's 30–day statute of limitations as a ground for relief, *see id.,* but that is irrelevant to the motion before this court.

The state moved to dismiss claimant's action, arguing that the DEA had obtained jurisdiction over the money. In an order dated August 21, 2002, the state circuit court disagreed, citing § 961.55(a) (which did not apply to claimant's action brought under § 968.20) and to the previous Seventh Circuit decisions cited above that were based on a statute that had since been amended to hold that the purported transfer to the DEA was invalid and that it was irrelevant that the state had never sought forfeiture in state courts. This order was in effect when the United States Attorney filed his forfeiture complaint in this court on September 3, 2002.

When the state (and the federal government) moved for reconsideration, the circuit court vacated its previous order and

dismissed claimant's state court action for lack of jurisdiction. The court agreed with the government that § 961.555(1) no longer required a turnover order; therefore, the county task force could and did effectively transfer the *res* to the federal government, presumably on April 2, 2002, the date the DEA adopted the seizure. As of that date, the money belonged to the DEA, not the state. This meant that Wis. Stat § 968.20 had no application and claimant could not invoke it to obtain return of the money. It also meant that the first-in-time rule could not apply because the state no longer had the *res* and had no right to begin a forfeiture proceeding under the Uniform Controlled Substances Act. As the circuit court recognized, the state court proceedings on claimant's motion for return of property were void *ab initio* for lack of jurisdiction. *See State v. Banks,* 105 Wis.2d 32, 43–44, 313 N.W.2d 67, 72 (1981). Although claimant's state court action was filed 3½ months before the federal forfeiture action and remained pending until just recently, it could not and did not establish state court possession of the *res* or jurisdiction over it.

In sum, the task force and the DEA complied with all applicable statutes and regulations to bring the *res* properly before this court. Claimant's attempt to seek return in state court made sense when filed, but because of facts that claimant did not know, he could not establish the primacy of the state court action. This court has had jurisdiction over the *res* since the commencement of this lawsuit.

### ORDER

It is ORDERED that claimant Robert M. Ross's motion to dismiss for lack of jurisdiction is DENIED.